STEVEN H. GURNEE, ESQ. SB# 66056
TOBY M. MAGARIAN, ESQ. SB# 132907
CANDACE H. SHIRLEY, ESQ. SB# 111177
GURNEE, MASON & FORESTIERE LLP
2240 Douglas Boulevard, Suite 150
Roseville, California 95661
Telephone:  (916) 797-3100
Facsimile:    (916) 797-3131

Attorneys for Defendant Service
Corporation International, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTIS JOHNSON, on behalf of himself and
all others similarly situated,

              Plaintiff,

        vs.

SERENITY TRANSPORTATION, INC., a
California Corporation, DAVID FRIEDEL,
SERVICE CORPORATION
INTERNATIONAL, THE NEPTUNE
SOCIETY OF CENTRAL CALIFORNIA,
INC., and DOES 1 – 10, inclusive,

              Defendants.

Case No.:

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §1441(C)**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

      PLEASE TAKE NOTICE THAT Defendant Service Corporation International. Inc. hereby

removes the above-captioned action from the Superior Court of the State of California, County of

Alameda, to the United District Court for the Northern District of California.

      Removal is based upon the following grounds:

      1.      On April 9, 2015, Plaintiff Curtis Johnson filed a First Amended Complaint in the

Superior Court of the State of California, County of Alameda, entitled Johnson v Serenity

Transportation, Inc., case no. RG14728931 against Defendants Serenity Transportation, Inc.,

1

David Friedel, Service Corporation International, Inc. and The Neptune Society of Central California, Inc.  A copy of the Summons and First Amended Complaint are attached hereto as Exhibit "A".  The First Amended Complaint added, for the first time, a cause of action under the Fair Labor Standards Act, 29 U.S.C. § 20 ("FLSA.")  The First Amended Complaint also added, for the first time, Service Corporation International, Inc. as a named defendant to the action. Defendant was not named in or served with the original complaint filed on June 12, 2014.

2.      Defendant Service Corporation International, Inc. was served with the First Amended Complaint on April 14, 2015.  No answer or responsive pleading to the First Amended Complaint has been filed by Defendant Service Corporation International, Inc.  A copy of the proof of service is attached hereto as Exhibit "B."

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(c) as it include a claim "arising under the Constitution, laws, or treaties of the United States," i.e., the FLSA.

4.      Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of the action to Plaintiffs, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda.

5.      By removing this case, Defendants do not waive and are not estopped from raising any defenses that were available to it in state court.  Specifically, Defendants do not waive any objection based on lack of service or personal jurisdiction by this notice.

Dated:  5-4-2015                          GURNEE, MASON & FORESTIERE LLP


                                          By  _Candace H. Shirley_
                                          STEVEN H. GURNEE
                                          TOBY M. MAGARIAN
                                          CANDACE H. SHIRLEY
                                          Attorneys for Defendant Service
                                          Corporation International, Inc.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(C)

EXHIBIT A

Apr. 9. 2015 11:15AM                                              No. 2443   P. 2

**SUM-100**

# SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**

**FILED BY FAX**
**ALAMEDA COUNTY**

April 09, 2015

**CLERK OF**
**THE SUPERIOR COURT**
By Angelica Mendola, Deputy

**CASE NUMBER:**
**RG14728931**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SERENITY TRANSPORTATION, INC., a California Corporation,
DAVID FRIEDEL, (Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CURTIS JOHNSON, on behalf of himself and all others similarly
situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Alameda County Superior Court

**CASE NUMBER:**
*(Número del Caso):*
RG14728931

Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter Rukin (SBN: 178336); Rukin Hyland et al., 100 Pine St., Ste. 2150, SF, CA 94111; 415.421.1800

DATE:                         LEAH T. WILSON                            Clerk, by                                    , Deputy
*(Fecha)*  **APR 0 9 2015**  EXECUTIVE OFFICER/CLERK      *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Service Corporation International

   under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Johnson v. Serenity Transportation, Inc., et al. | RG14728931 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

SERVICE CORPORATION INTERNATIONAL,
THE NEPTUNE SOCIETY OF CENTRAL CALIFORNIA, INC., and
DOES 1 - 10, inclusive.

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Fax Server          4/13/2015 10:59:57 AM   PAGE   1/001   Fax Server

Apr. 9, 2015 11:15AM                                    No. 2443   P. 4

1  PETER RUKIN (SBN 178336)
   *prukin@rhdtlaw.com*
2  VALERIE BRENDER (298224)
   *vbrender@rhdtlaw.com*
3  RUKIN HYLAND DORIA & TINDALL LLP
   100 Pine Street, Suite 2150
4  San Francisco, CA 94111
   Telephone: (415) 421-1800
5  Facsimile: (415) 421-1700

6  Attorneys for Plaintiff

FILED BY FAX
ALAMEDA COUNTY
April 09, 2015
CLERK OF
THE SUPERIOR COURT
By Angelica Mendola, Deputy
CASE NUMBER:
RG14728931

7

8

9              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

10                          UNLIMITED JURISDICTION

11  CURTIS JOHNSON, on behalf of himself and      Case No. RG14728931
    all others similarly situated,
12                                                **FIRST AMENDED CLASS ACTION**
                  Plaintiff,                      **COMPLAINT FOR:**
13
          v.                                      (1) FEDERAL FLSA OVERTIME
14                                                (2) WILLFUL MISCLASSIFICATION OF
    SERENITY TRANSPORTATION, INC., a              INDIVIDUALS AS INDEPENDENT
15  California Corporation, DAVID FRIEDEL,        CONTRACTORS;
    SERVICE CORPORATION                           (3) CALIFORNIA MINIMUM WAGE
16  INTERNATIONAL, THE NEPTUNE                    AND OVERTIME VIOLATIONS;
    SOCIETY OF CENTRAL CALIFORNIA, INC.,          (4) REIMBURSEMENT FOR BUSINESS
17  and DOES 1 – 10, inclusive,                   EXPENSES;
                                                  (5) RELATED LABOR CODE
18                Defendants.                     VIOLATIONS;
19                                                (6) VIOLATIONS OF THE UNFAIR
                                                  COMPETITION LAW (UCL); and
20                                                (7) CIVIL PENALTIES UNDER LABOR
                                                  CODE PRIVATE ATTORNEY
21                                                GENERAL ACT
                                                  DEMAND FOR JURY TRIAL
22

23

24                          I.    **INTRODUCTION**

25      1.    Plaintiff Curtis Johnson ("Plaintiff") and the proposed collective and class action

26  members worked as mortuary transportation drivers, carrying dead bodies and other human

27  remains from various locations (including nursing homes, hospitals, and homes) to Defendants'

28  facilities. Though Plaintiff and his colleagues were fully controlled by Defendants while carrying

                                        - 1 -
                        FIRST AMENDED CLASS ACTION COMPLAINT

1  out the core work of Defendants' enterprises, such that they plainly amounted to common law and

2  statutory employees, they were unlawfully denied the rights and benefits of employment through

3  an unlawful scheme in which they were labeled "contractors." Plaintiff now brings this action

4  under California and federal law, pursuant to California Code of Civil Procedure § 382 and 29

5  U.S.C. § 216(b), to have Defendants' scheme declared unlawful and to recover the unpaid wages,

6  business expenses, and related penalties that Defendants owe to Plaintiff and similarly situated

7  employees.

8                                    **II.      JURISDICTION**

9          2.      This Court has jurisdiction over this matter pursuant to California Business &

10  Professions Code §§ 17200-17208, California Labor Code §§ 200 *et seq.*; 203, 226, 226.3, 226.7,

11  226.8, 510, 512, 558, 2802, 2699 *et seq.*, the Code of Civil Procedure, the California Rules of

12  Court, and other provisions.

13         3.      The amount in controversy herein, excluding interest, costs, penalties, and

14  attorneys' fees, exceeds the minimum jurisdictional limit of this court.

15                                    **III.     VENUE**

16         4.      Venue in Alameda County is proper under Business & Professions Code § 17203

17  and California Code of Civil Procedure § 395.5 because Defendant Serenity Transportation Inc. is

18  a California corporation that is registered and doing business in Alameda County. In addition,

19  Defendants conducted and continue to conduct substantial business in this County, a substantial

20  part of the transactions at issue took place in this County, and Defendants' liability arose, in part, in

21  this County.

22                                    **IV.     PARTIES**

23  **A.      Plaintiff**

24         5.      Plaintiff Curtis Johnson was a Driver for Defendants from January 1, 2012 to

25  August 23, 2013. Plaintiff performed services for Defendants throughout the San Francisco Bay

26  Area, including in Alameda County.

27  **B.      Defendants**

28

6.     Defendant Serenity Transportation Inc. ("STI") is a California corporation that is registered and doing business in Alameda County. STI was an employer of Plaintiff and Class and Collective Action Members within the meaning of the federal Fair Labor Standards Act, California Labor Code, and applicable Industrial Welfare Commission ("IWC") wage order.

7.     Defendant David Friedel is the owner and CEO of STI. Friedel was an employer of Plaintiff and the putative class within the meaning of the federal Fair Labor Standards Act, California Labor Code, and applicable IWC wage order. Friedel: suffered or permitted Plaintiff and Class Members to work; exercised control over the wages, hours or working conditions of Plaintiff and Class Members; and engaged Plaintiff and Class Members. Further, Friedel is the alter ego of Defendant STI. Friedel operated STI for the purpose of concealing violations of the California Labor Code with respect to Plaintiff and Class Members, dominated and controlled the actions of STI, and knowingly advised STI to treat Plaintiff and similarly situated Drivers as independent contractors to avoid employee status. Friedel has also failed to respect the corporate form of STI. Among other things, Fridel (a) failed to adequately capitalize STI; (b) failed to properly maintain the minutes and corporate records of STI; (c) maintains sole ownership of all stock in STI; (d) used his personal home as the location for board of directors meetings; and (e) failed to conduct board meetings as required by the corporate by-laws and state law

8.     Defendant Service Corporation International ("SCI") is a provider of funeral and end-of-life services in Alameda County and across the United States. SCI was an employer of Plaintiff and the putative class within the meaning of the federal Fair Labor Standards Act, California Labor Code, and applicable IWC wage order. SCI: suffered or permitted Plaintiff and Class Members to work; exercised control over the wages, hours or working conditions of Plaintiff and Class Members; and engaged Plaintiff and Class Members.

9.     Defendant The Neptune Society of Central California, Inc. ("Neptune") is a provider of cremation, removal, and end-of-life services in Alameda County and across the United States. Neptune was an employer of Plaintiff and the putative class within the meaning of the federal Fair Labor Standards Act, California Labor Code, and applicable IWC wage order. Neptune: suffered or permitted Plaintiff and Class Members to work; exercised control over the

1  wages, hours or working conditions of Plaintiff and Class Members; and engaged Plaintiff and

2  Class Members.

3         10.     Defendant Does 1-10 inclusive are sued herein under fictitious names. Their true

4  names and capacities, whether corporate, individual, or otherwise, are unknown to Plaintiff.

5  Plaintiff will seek leave of court to amend this Complaint when their true names and capacities are

6  ascertained.

## V.     STATEMENT OF FACTS

8         11.     Defendants work together closely and in an integrated fashion to provide end-of-life

9  services throughout Northern California, including the transportation of decedents between

10  hospitals, convalescent homes, home care, mortuaries, and/or coroner facilities.

11         12.     Defendants employ STI Drivers to transport decedents.  Upon information and

12  belief, Defendants have employed approximately 30-50 Drivers through STI during the Class

13  Period.  Drivers are assigned to 24-hour shifts, five days a week, resulting in 120-hour workweeks.

14         13.     Each of the Defendants has retained extensive control over the wages, hours, and

15  working conditions of Plaintiff and other Drivers. Defendants STI and Friedel schedule Drivers for

16  their shifts.  All of the Defendants promulgate and implement detailed policies and procedures that

17  control the work performed by Plaintiff and other Drivers.  Defendants STI and Friedel recruit and

18  supervise Drivers. Meanwhile, Defendants SCI and Neptune  control the means and methods by

19  which Drivers carry out their jobs, including by directing Drivers how to handle and remove

20  decedents.  Defendants STI and Friedel have retained and exercised the right to terminate a

21  Drivers' employment at any time for any reason or for no reason, and Defendants SCI and Neptune

22  have retained and exercised the right to demand that Plaintiff and other Drivers be removed from

23  work rotation.

24         14.     Plaintiff and similarly situated Drivers have provided services that are an integral

25  part of Defendants' business enterprises.  Drivers carry out Defendants' policies and procedures

26  and serve Defendants' customers. Upon information and belief, each of the Defendants has

27  employed other Drivers whom they have classified as employees and who have performed work

28  similar or identical to the work performed by class and collective action members.

15.     Despite Defendants' extensive control over Drivers' work, Plaintiff and similarly situated Drivers have been classified as "independent contractors."

16.     Defendants have paid Plaintiff and Class Members under a common compensation plan and policy where Drivers are paid a flat rate set by Defendants for each dispatch they complete.  All Defendants participate in the compensation scheme, including by requiring Drivers to fill out proprietary paperwork on which Driver time is recorded.  The piecework payments to Drivers have been insufficient to meet Defendants' minimum wage obligations to Drivers.  Further, Defendants have a policy of not paying overtime to Drivers, and have in fact uniformly failed to pay overtime wages to Drivers.

17.     Upon information and belief, Defendants STI and Friedel misclassified Plaintiff and similarly situated Drivers knowingly and willfully.

18.     Defendants have caused Plaintiff and Class and Collective Action Members to work hours in excess of 40 hours a week.

19.     Defendants have failed to pay Plaintiff and Class Members the minimum wage for all hours worked.

20.     Defendants have failed to pay overtime compensation to Plaintiff and Class Members for hours worked in excess of eight hours per day.

21.     Defendants have failed to pay overtime compensation to Plaintiff and Class and Collective Action Members for hours worked in excess of 40 hours per week.

22.     Defendants have failed to indemnify Plaintiff and Class Members for employment-related expenses, including the cost of providing appropriate vehicles and vehicle expenses such as fuel, maintenance, repair, and licensing; supplies required for the transport of decedents, including gloves, sheets, and other necessary equipment; and the cost of required business liability insurance. In addition, Defendants maintained a policy of charging and/or penalizing Drivers for not meeting Defendants' policies and standards by charging fees and/or taking Drivers off of rotation for missing or damaged equipment, the return of dirty vehicles, incorrect or late paperwork, arriving late on shift, among other violations determined by Defendants.

23.     Defendants have failed to record the actual hours worked by Plaintiff and Class and Collective Action Members.

24.     Defendants have failed to provide a 30 minute off-duty meal period to Plaintiff and Class Members.

25.     Defendants have failed to provide a second 30 minute meal period to Plaintiff and Class Members who worked more than 10 hours a day.

26.     Defendants have failed to provide Plaintiff and Class Members with paid rest breaks;

27.     Defendants have failed to itemize the total hours worked on wage statements furnished to Plaintiff and Class Members.

28.     Defendants have failed to properly maintain payroll records showing the actual hours worked by Plaintiff and Class Members.

29.     Defendants have willfully and knowingly failed to pay Plaintiff and Class Members upon termination of employment, all accrued compensation, including repayment of all unlawful charges, compensation for missed meal periods, and payment of the minimum wage and overtime compensation.

## VI.     CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on his own behalf and as a class action on behalf of all persons or entities who have been employed by Defendants as STI Drivers and/or Technicians but classified as "contractors" in the State of California at any time within four years preceding the filing of this action.

31.     This action is brought as a class action under the Code of Civil Procedure § 382. Class treatment is appropriate because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.  This action satisfies the predominance, typicality, numerosity, superiority, and adequacy of representation requirements under § 382.

a.     Numerosity:  The size of the proposed plaintiff Class makes individual joinder of all members impractical.  While Plaintiff does not presently know the exact number of Class Members, Plaintiff is informed and believes, and thereon alleges, that approximately 30-50

current and former STI Drivers and/or Technicians have been subjected to the unlawful practices alleged herein.

      b.   <u>Commonality:</u>  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class.  These common questions of law and fact include, without limitation:

    i.    Whether SCI is a joint employer of Plaintiff and Class Members;

    ii.   Whether Neptune is a joint employer of Plaintiff and Class Members;

    iii.  Whether Class Members have served Defendants as employees rather than independent contractors under California law;

    iv.  Whether Defendants' misclassification was willful and in violation of California Labor Code § 226.8;

    v.   Whether David Friedel advised Serenity Transportation Inc. in his capacity as a board member to misclassify Drivers in violation of California Labor Code § 2753;

    vi.  Whether Defendants have employed Class Members in a position that is subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

    vii.  Whether Defendants have failed to meet their minimum wage obligations in violation of California Labor Code §§ 1194 *et seq.*;

    viii.  Whether Defendants knew or should have known that Class Members regularly worked over 40 hours per week and/or eight hour per day;

    ix.  Whether Defendants failed to pay Class Members overtime wages for time worked in excess of 40 hours per week or eight hours per day;

    x.   Whether Defendants have failed to provide Class Members with adequate off-duty meal periods and compensation for missed meal periods in violation of California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9;

    xi.  Whether Defendants failed to provide compensated rest breaks to Plaintiff and Class Members;

    xii.  Whether Class Members have incurred employment-related expenses and losses in carrying out their duties for Defendants;

    xiii.  Whether Defendants have failed to indemnify Class Members for their necessary employment-related expenses and losses in violation of California Labor Code § 2802;

xiv. Whether Defendants have unlawfully charged Class Members fees arising from their employment with Defendants in violation of California Labor Code § 226.8(a)(2);

xv. Whether Defendants have knowingly and intentionally failed to provide Class Members with accurate and itemized wage statements pursuant to California Labor Code § 226 and IWC Wage Order No. 9;

xvi. Whether Defendants have violated California Labor Code § 1174 and IWC Wage Order No. 9 by failing to maintain documentation of the actual hours that Class Members worked each day;

xvii. Whether Defendants have violated California Labor Code §§201-203 by failing, upon termination, to timely pay Class Members wages that were due for minimum wage, overtime, and missed meal periods;

xviii. Whether Defendants' willful misclassification of Class Members and Defendants' failure to pay Class Members for all hours worked, failure to pay Class Members overtime compensation, failure to pay Class Members the minimum wage, failure to indemnify Class Members for their necessary employment-related expenses, failure to provide Class Members with adequate off-duty meal periods and meal period compensation, failure to provide Class Members with accurate itemized wage statements, failure to maintain documentation of the actual hours worked each day and failure to timely pay Class Members all wages that were due upon termination constitute an unlawful, unfair, and/or fraudulent business practices under Cal. Business & Professions Code §17200, *et seq.*;

xix. Whether Defendants' failure to comply with California Labor Code §§ 1194, 201-203, 226.3, 226.7, 510, 512, 558, 2802, and 226.8 constitute violations of the Private Attorney General Act of 2004, California Labor Code § 2699 *et seq.*;

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Plaintiff and members of the Class sustained damages arising out of Defendants' aforementioned common practice of misclassifying Class Members as independent contractors. Plaintiff, like Class Members, was a Driver who was classified as an independent contractor.

d. <u>Adequacy of Representation</u>: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will represent and protect the interests of the Class Members. Plaintiff's counsel is competent and experienced in litigating employment class actions.

e. <u>Superiority</u>: A class action is superior to other available means of adjudicating this controversy. Class treatment will permit a large number of similarly situated

- 8 -
FIRST AMENDED CLASS ACTION COMPLAINT

1    persons to prosecute their common claims in a single forum simultaneously, efficiently, and

2    without unnecessary duplication of effort and expense that numerous individual claims would

3    entail.  Class treatment will also avoid the risk of inconsistent or contradictory judgments.

### VII.   COLLECTIVE ACTION ALLEGATIONS

5        32.     Plaintiff brings the First Cause of Action for violations of the FLSA as a collective

6    action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the FLSA Collective

7    Action Members, who include all persons who have worked for Defendants as independent

8    contractor-classified STI Drivers at any time within the applicable statutory time period.

9        33.     Plaintiff and FLSA Collective Action Members: (a) performed the same or

10   substantially similar duties for Defendants while classified as independent contractors; (b) were

11   subject to Defendants' common policy of classifying them as independent contractors and denying

12   them overtime wages; (c) and are otherwise "similarly situated" employees within the meaning of

13   the FLSA.

14       34.     The First Cause of Action for violations of the FLSA may be brought and

15   maintained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b),

16   because Plaintiff's claims and all FLSA Collective Action Members are similarly situated.

17       35.     The names and addresses of the FLSA Collective Action Members are available

18   from Defendants.  Accordingly, Plaintiff prays herein for an order requiring Defendants to provide

19   the names and all available contact information for all FLSA Collective Action Members so that

20   notice can be provided to them of the pendency of this action, and their right to opt in to this action.

### FIRST CAUSE OF ACTION
**UNPAID OVERTIME IN VIOLATION OF THE FLSA 29 USC §201 *ET SEQ.*)**
**(AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND COLLECTIVE**
**ACTION MEMBERS)**

24       36.     The allegations of each of the preceding paragraphs are re-alleged and incorporated

25   herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all

26   Collective Action Members.

27       37.     At all relevant times, Defendants have been, and continue to be, "employer[s]"

28   engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the

1   meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, and

2   continue to employ, as "employee[s]," Plaintiff and each of the FLSA Collective Action Members.

3   At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

4        38.    Plaintiff consents to sue in this action pursuant to Section 16(b) of the FLSA, 29

5   U.S.C. § 216(b).  A copy of Plaintiff's consent form is attached hereto as Exhibit A.

6        39.    The FLSA requires each covered employer, such as Defendants, to compensate all

7   non-exempt employees, such as Plaintiff and the FLSA Collective Action Members, at the rate of

8   not less than one and one-half times the regular rate of pay for work performed in excess of forty

9   (40) hours in a workweek.

10       40.    The FLSA Collective Action Members are entitled to overtime compensation for all

11  overtime hours worked.

12       41.    At all relevant times, Defendants had a policy and practice of not paying FLSA

13  Collective Action Members at the rate of not less than one and one-half times the regular rate of

14  pay for work performed in excess of forty (40) hours in a workweek.

15       42.    This legal violation was effectuated through a policy of labeling Collective Action

16  Members as "independent contractors" and refusing to pay Collective Action Members for

17  overtime hours worked.

18       43.    By failing to compensate Plaintiff and the FLSA Collective Action Members at a

19  rate of not less than one and one-half times the regular rate of pay for work performed in excess of

20  forty (40) hours in a workweek, Defendants violated, and continue to violate, the FLSA, 29 U.S.C.

21  §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1).

22       44.    The FLSA also imposes a record-keeping requirement on employers, including the

23  obligation to keep accurate records of all hours worked by employees.  Defendants have knowingly

24  and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records

25  of all hours worked by Plaintiff and FLSA Collective Action Members.  By failing to record,

26  report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective Action

27  Members, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*,

28  including 29 U.S.C. §§ 211(c), 215(a), and 29 C.F.R. § 516, *et seq.*

45.     Defendants' violations have at all relevant times been willful because, among other reasons, Defendants have had actual and/or constructive knowledge of Plaintiff and FLSA Collective Action Members working overtime hours for which they have not been compensated at the rate of no less than one and one-half times their regular rate of pay.

46.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff and FLSA Collective Action Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime compensation, interest, liquidated damages, and attorneys' fees and costs, as provided by the FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as the Court deems just and proper.  In particular, Plaintiff seeks a declaratory judgment declaring unlawful Defendants' ongoing policy of classifying Collective Action members as independent contractors and denying them overtime wages.

**SECOND CAUSE OF ACTION**
**WILLFUL MISCLASSIFICATION OF INDIVIDUALS AS INDEPENDENT**
**CONTRACTORS**
**(CALIFORNIA LABOR CODE §§ 226.8 and 2753)**
**(AGAINST DEFENDANTS STI AND FRIEDEL ON BEHALF OF PLAINTIFF AND ALL**
**CLASS MEMBERS)**

47.     California Labor Code § 226.8(a)(1) makes it unlawful to engage in "[w]illful misclassification of an individual as an independent contractor."

48.     California Labor Code § 226.8(a)(2) makes it unlawful to engage in "[c]harging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified."

49.     California Labor Code § 226.8 took effect on January 1, 2012, the same day that Plaintiff began working for Defendants.

50.     Defendants STI and Friedel have willfully misclassified Plaintiff and other Drivers as independent contractors in violation of California Labor Code § 226.8(a)(1).

51.     Since California Labor Code § 226.8 took effect, Defendants have charged fees to Plaintiff and other Drivers for goods, materials, services, government licenses, repairs, equipment, and maintenance.  Defendants have also fined Drivers for noncompliance with Defendants' policies and procedures.  These fees and fines arise from Plaintiff and Drivers' employment, and such charges would have violated the law if Plaintiff and Drivers had not been misclassified as independent contractors.

52.     California Labor Code § 2753 states "(a) A person who, for money or other valuable consideration, knowingly advises an employer to treat an individual as an independent contractor to avoid employee status for that individual shall be jointly and severally liable with the employer if the individual is found not to be an independent contractor."

53.     In his capacity as a board member, Defendant Friedel knowingly advised Defendant STI to treat individuals as an independent contractor to avoid employee status and should be held jointly and severally liable with Defendant STI for relevant violations alleged herein.

54.     Plaintiff, on behalf of himself and similarly situated Class Members, requests relief as described below.

### THIRD CAUSE OF ACTION
**FAILURE TO PAY CALIFORNIA MINIMUM WAGE FOR ALL HOURS WORKED**
**(CALIFORNIA LABOR CODE §§1194 *ET SEQ.*, 1197, IWC WAGE ORDER NO. 9)**
**(AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

55.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

56.     IWC Wage Order 9-2001 and California Labor Code §§1194 and 1197 require employers to pay employees at least minimum wage for all hours worked.

57.     The minimum wage provisions of the California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a).

58.     According to California Labor Code §§ 1182.11, 1185, and 1194.2, an action to recover minimum wage incorporates the applicable IWC Wage Order.

59.     California Labor Code §1182.11 states that the "Industrial Welfare Commission shall...adopt minimum wage orders consistent with this section without convening wage boards, which wage orders shall be final and conclusive for all purposes."

60.     IWC Wage Order 9-2001 requires that nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate of $8.00 per hour as of January 1, 2008.

61.     During the course of the Class Period, Defendants have caused Plaintiff and Class Members to incur expenses and fees that contributed to Defendants' unlawful failure to pay the minimum wage for all hours work.

62.     Defendants' acts and omission as alleged herein were willful, in bad faith, and without reasonable grounds for believing that the acts or omission were not in violation of state law.

63.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and Class Members have sustained damages, including lost wages, in an amount to be determined at trial.

64.     In addition to recovering unpaid wages, Plaintiff and Class Members are entitled to recover interest and liquidated damages, and reasonable attorneys' fees and costs, pursuant to California Labor Code §§1194(a) and 1194.2(a).

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(CALIFORNIA LABOR CODE §§ 510, 1194, IWC WAGE ORDER NO. 9)**
**(AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

65.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

66.     During the Class Period, Plaintiff and the Class Members worked in excess of eight hours in a workday and/or 40 hours in a work week without overtime compensation in violation of California Labor Code §§ 510 and IWC Wage Order No. 9, § 3, which require overtime

1    compensation for non-exempt employees.  The precise number of overtime hours will be proven at

2    trial.

3          67.    Defendants' actions were willful, in bad faith, and in knowing violation of the

4    California Labor Code.

5          68.    As a direct and proximate result of Defendants' unlawful conduct as set forth herein,

6    Plaintiff and Class Members have sustained damages, including unpaid overtime wages, in an

7    amount to be determined at trial.  Pursuant to California Labor Code § 1194(a), Plaintiff and Class

8    Members are entitled to recover their unpaid overtime and double time compensation, including

9    interest thereon.  Plaintiff and Class Members are also entitled to recover reasonable attorneys' fees

10   and costs.

11                            **FIFTH CAUSE OF ACTION**
                      **REIMBURSEMENT FOR BUSINESS EXPENSES**
12                         **(CALIFORNIA LABOR CODE § 2802)**
       **(AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**
13

14         69.    The allegations of each of the preceding paragraphs are re-alleged and incorporated

15   herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all

16   Class Members.

17         70.    While discharging their duties for Defendants, Plaintiff and Class Members have

18   incurred work-related expenses.  Such expenses include, but are not limited to, the leasing or

19   purchase of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of

20   insurance; and required clothing, gloves, sheets, and other equipment necessary to their work as

21   mortuary drivers.

22         71.    Defendants failed to indemnify or reimburse Plaintiff and Class Members for these

23   expenses and losses.  In failing to indemnify or reimburse Plaintiff and Class Members for

24   necessary expenditures or losses that were incurred as a direct consequence of their discharge of

25   duties for Defendants and/or obedience of Defendants' direction, Defendants violated California

26   Labor Code § 2802.

27         72.    Defendants' actions were willful, in bad faith, and in knowing violation of the

28   California Labor Code.

73.     By unlawfully failing to reimburse Plaintiff and Class Members for necessary business expenses, Defendants have cause Plaintiff and Class Members to suffer losses in an amount to be determined at trial.

74.     Under California Labor Code §§ 2802 and 218.5, Defendants are also liable to Plaintiff and Class Members for reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### (CALIFORNIA LABOR CODE §§226.7, 512, IWC WAGE ORDER NO. 9)
### (AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)

75.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

76.     Plaintiff and Class Members have regularly worked in excess of five hours a day without being afforded at least a half-hour meal period in which they were relived of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9, § 11.

77.     By failing to consistently provide Plaintiff and Class Members an uninterrupted, thirty minute meal period within the first five hours of work each day, Defendants violated the California Labor Code and applicable IWC Wage Order provisions.

78.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have never paid the one hour of compensation as a premium payment to any Class Member pursuant to California Labor Code § 226.7 for not providing proper meal periods.

79.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and Class Members have sustained damages, including loss of compensation resulting from missed meal periods, in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### FAILURE TO AUTHORIZE AND PERMIT REST BREAKS
### (CALIFORNIA LABOR CODE § 226.7 and IWC WAGE ORDER NO. 9)
### (AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)

80.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

81.     California Labor Code § 226.7 states "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

82.     IWC Wage Order No. 9, § 12 provides in relevant part that: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

83.     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided. Labor code § 226.7.

84.     Upon information and belief, Defendants did not promulgate a compliant rest break policy, or direct Plaintiff and Class Members that they were authorized to take rest breaks. Plaintiff and Class Members regularly worked a full work day but were denied a rest period every four hours or major fraction thereof.

85.     Defendants failed to authorize and permit Plaintiff and Class Members to take adequate rest periods as required by law. Defendants denied Plaintiff and Class Members rest breaks through the imposition of work schedules that did not permit rest breaks, and/or work demands which did not permit rest breaks.

86.     Further, Defendants' piece rate compensation system ensured that Defendants did not compensate Plaintiff and Class Members for rest breaks, because Defendants did not separately compensate Plaintiff and Class Members for rest breaks as required by California law. *Bluford v. Safeway, Inc.*, 216 Cal.App.4th 864 (2013).

87.   Finally, Defendants did not compensate Plaintiff and Class Members an additional hour pay for missed rest breaks as required by Labor Code § 226.7. Plaintiff and Class Members are therefore entitled to payment of additional wages as provided by law.

**EIGHTH CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(CALIFORNIA LABOR CODE §§ 226 & 226.3, 1174, 1174.5)**
**(AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

88.   The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all Class Members.

89.   Pursuant to California Labor Code § 226(a), Defendants have at all relevant times been required, semimonthly or at the time of each payment of wages, to furnish Plaintiff and Class Members accurate, itemized written statements containing all the information described in § 226, including, but not limited to, the total hours worked by the employee.

90.   Defendants have knowingly and intentionally failed to comply with § 226 by knowingly and intentionally failing to furnish Plaintiff and Class Members with accurate, itemized written statements showing their actual and total hours worked.

91.   Defendants also failed to accurately record meal periods as detailed above, to pay meal period premium wages for missed meal periods, and to report those meal period premium payments on wage statements.

92.   Under California Labor Code § 226(e), an employee suffering injury as a result of knowing and intentional failure of an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.

93.   In addition, upon information and belief, and in violation of California Labor Code § 1174 and IWC Wage Order No. 9, Defendants failed to keep the required payroll records showing the actual hours worked each day by Plaintiff and Class Members.  As a direct and proximate result of Defendants' actions, Plaintiff and Class Members have suffered economic harm

1    as they have been precluded from accurately monitoring the number of hours worked and thus

2    seeking all accrued overtime pay.

3          94.    As a direct and proximate result of Defendants' unlawful conduct as set forth herein,

4    Plaintiff and Class Members have been injured by not receiving the information required by

5    California Labor Code § 226(a), not being paid their overtime hours, not having records showing

6    their total hours worked, not being able to ascertain from their wage statements whether or how

7    they have been lawfully compensated for all hours worked, among other things, in an amount to be

8    determined at trial.

9          95.    Plaintiff and Class Members may recover damages and penalties provided for under

10   California Labor Code § 1174.5 and California Labor Code § 226(e), plus interest thereon,

11   reasonable attorneys' fees, and costs.  In addition, Plaintiff and Class Members are entitled to

12   injunctive relief to ensure compliance with this section, pursuant to California Labor Code §

13   226(h).

14                              **NINTH CAUSE OF ACTION**
                              **WAITING TIME PENALTIES**
15                   **(CALIFORNIA LABOR CODE §§ 201, 202, 203)**
        **(AGAINST DEFENDANTS STI, SCI, AND FRIEDEL ON BEHALF OF PLAINTIFF AND**
16                                **CLASS MEMBERS)**

17         96.    The allegations of each of the preceding paragraphs are re-alleged and incorporated

18   herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all

19   Class Members.

20         97.    California Labor Code § 201 states that an employer is required to provide an

21   employee who is terminated all accrued wages and compensation at the time of termination.

22         98.    California Labor Code § 202 states that an employer is required to provide an

23   employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation if

24   the employee has provided at least 72 hours' notice.

25         99.    California Labor Code § 203 states that if an employer willfully fails to pay

26   compensation promptly upon discharge, as required by § 201 and § 202, then the employer is liable

27   for waiting time penalties equivalent to the employee's daily wage, for a maximum of 30 days.

28

1    100.   Plaintiff and numerous Class Members who were employed by Defendant during

2    the Class Period resigned or were terminated.  Upon resignation or termination, they were not paid

3    all wages due within the statutory time period.  Defendants willfully failed and refused to pay

4    timely compensation and wages for, among other things, unpaid minimum wage and overtime,

5    unpaid meal periods, and unlawful fees.

6    101.   As a direct and proximate result of Defendants' willful conduct in failing to pay

7    Plaintiff and former driver Class Members for all hours worked, Plaintiff and affected members of

8    the Class are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant

9    to § 203, with interest thereon, and reasonable attorneys' fees and costs.

10
                             **TENTH CAUSE OF ACTION**
11                **VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
                 **(CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200-09)**
12    **(AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

13    102.   The allegations of each of the preceding paragraphs are re-alleged and incorporated

14    herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all

15    Class Members.

16    103.   California Business & Professions Code § 17200, *et seq.* ("UCL") prohibits "unfair

17    competition" in the form of any unlawful, unfair, or fraudulent business act or practice.

18    104.   Beginning at an exact date unknown to Plaintiff, but within four years preceding the

19    filing of this action, Defendants have engaged in unfair competition as defined by the UCL by, and

20    as further described above: (1) failing to pay minimum wages to Plaintiff and similarly situated

21    Class Members in violation of California Labor Code §§ 1194 *et seq.*, 1197, and IWC Wage Order

22    No. 9; (2) failing to pay overtime compensation to Plaintiff and similarly situated Class Members

23    in violation of California Labor Code §§ 510, 1194 *et seq.*, and IWC Wage Order No. 9, § 3; (3)

24    failing to indemnify Plaintiff and similarly situated Class Members for employment-related

25    business expenses and loses; (4) failing and refusing to provide meal periods to Plaintiff and

26    similarly situated Class Members in violation of California Labor Code §§ 226.7 and 512 and IWC

27    Wage Order No. 9; (5) failing to provide complete and accurate itemized wage statements in

28    violation of California Labor Code § 226; (6) failing to pay Plaintiff and similarly situated former

1   driver Class Members all due and unpaid overtime wages upon termination in violation of

2   California Labor Code § 203; (7) willfully and unlawfully misclassifying Plaintiff and similarly

3   situated Class Members as independent contractors in violation of California Labor Code § 226.8;

4   (8) willfully and unlawfully charging Plaintiff and Class Members fees arising from their

5   employment in violation of California Labor Code § 226.8(a)(2).

6        105.   Defendants' knowing failure to adopt policies in accordance with and/or to adhere

7   to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair

8   competitive advantage to Defendants, thereby constituting an unfair business practice under

9   California Business & Professions Code §§ 17200-17208.

10        106.   Plaintiff and similarly-situated Class Members have suffered injury in fact and have

11   lost money as a direct and proximate result of Defendants' unfair competition, including, but not

12   limited to, money due to them as minimum wage and overtime compensation, necessary business

13   expenses, unlawful fees arising from their employment, compensation for missed meal periods and

14   unpaid rest periods, and waiting time penalties, which money has been acquired by Defendants by

15   means of their unfair competition within the meaning of the UCL.

16        107.   Pursuant to California Business & Professions Code §§ 17200 *et seq.*, Plaintiff and

17   Class Members are entitled to (i) restitution of all wages and compensation alleged herein that

18   Defendants withheld and retained during the period commencing four years preceding the filing of

19   this action, (ii) a permanent injunction prohibiting further violations of the type alleged herein, (iii)

20   an award of reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5 and other

21   applicable law, and (iv) costs. All remedies are cumulative pursuant to California Business &

22   Professions Code § 17205.

23                 **ELEVENTH CAUSE OF ACTION**

24    **CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
                 **(CALIFORNIA LABOR CODE §2698 *ET SEQ.*)**

25    **(AGAINST ALL DEFENDANTS ON BEHALF OF PLAINTIFF AND CLASS MEMBERS)**

26        108.   The allegations of each of the preceding paragraphs are re-alleged and incorporated

27   herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and all

28   aggrieved employees.

109.   Plaintiff Johnson, as an aggrieved employee, brings this claim under California Labor Code §§ 2698-2699 in a representative capacity on behalf of current and former Drivers of Defendants subjected to the unlawful wage and hour practices alleged herein.

110.   The California Labor Code Private Attorneys General Act of 2004 (PAGA), California Labor Code § 2698 *et seq.*, grants California employees the right to bring a civil action for the violation of any provision of the Labor Code on behalf of themselves and other current or former employees in order to recover civil penalties. PAGA is intended to assist in the achievement of maximum compliance with state labor laws by empowering aggrieved employees to act as private attorneys general in order to recover civil penalties for Labor Code violations that would otherwise be prosecuted by the state. *See Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009).

111.   PAGA permits an aggrieved employee to collect the civil penalty authorized by law and normally collectible by the California Labor and Workforce Development Agency. To address violations for which no penalty has been established, § 2699(f) creates a private right of action for aggrieved employees and a default penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation. *See* Cal. Lab. Code § 2699(f).

112.   Plaintiff Johnson hereby seeks to collect these civil penalties for the above-described Labor Code violations, including:

a.   Under California Labor Code § 2699(f), a penalty of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of failing to pay the minimum wage according to Labor Code § 1194, and two hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each subsequent violation of Labor Code § 1194, as alleged in Plaintiff's Second Cause of Action.

b.   Under California Labor Code § 558, civil penalties of fifty dollars ($50) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor Code § 558 where Plaintiff and aggrieved employees were not paid appropriate overtime premiums under Labor Code § 510, as alleged in the Third Cause of Action, in addition to an amount sufficient to recover underpaid wages; and for each subsequent violation, one hundred dollars ($100) for each underpaid

1  aggrieved employee for each pay period for which the employee was underpaid under Labor Code

2  § 510.

3         c.  Under California Labor Code § 2699(f)(2), described above, a civil penalty of one

4  hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial

5  violation of Labor Code § 2802, for failure to indemnify employees for business expenses, and two

6  hundred dollars ($200) for Plaintiff and each aggrieved employee per pay period for each

7  subsequent violation of Labor Code § 2802, as alleged in Plaintiff's Fourth Cause of Action.

8         d.  Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars

9  ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor

10  Code § 226.7 for failing to provide meal periods, and two hundred dollars ($200) for Plaintiff and

11  each aggrieved employee per pay period for each subsequent violation of Labor Code § 226.7 for

12  failing to provide meal periods, as alleged in Plaintiff's Fifth Cause of Action.

13         e.  Under California Labor Code § 226.3, which provides for civil penalties for

14  violations of California Labor Code § 226(a), a civil penalty of two hundred fifty dollars ($250) for

15  Plaintiff and each aggrieved employee for the first violation, and one thousand dollars ($1,000) for

16  Plaintiff and each aggrieved employee for each subsequent violation of Labor Code § 226(a) for

17  failure to provide timely, accurate, itemized wage statements, as alleged in the Sixth Cause of

18  Action.

19         f.  Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars

20  ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation of Labor

21  Code §§ 201, 202, and 203 for their failure to pay earned wages upon discharge, as alleged in the

22  Seventh Cause of Action, and two hundred dollars ($200) for Plaintiff and each aggrieved

23  employee per pay period for each subsequent violation of Labor Code §§ 201 and 202.

24         g.  Under California Labor Code § 226.8, a civil penalty of not less than five thousand

25  dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation against

26  Plaintiff and each aggrieved employee, and if the court finds that Defendants have engaged in a

27  pattern or practice of violation of § 226.8(a), a civil penalty of not less than ten thousand dollars

28  ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation.

113.    Additionally, as a result of violations under California Labor Code § 226.8(a), Plaintiff requests that the Court order Defendants to take certain steps to notify employees and the general public of the determination that they have violated § 226.8, pursuant to § 226.8(e).

114.    California Labor Code § 2699(g) further provides that any employee who prevails in an action for civil penalties is entitled to an award of reasonable attorney's fees and costs. Plaintiff Johnson hereby seeks to recover his attorneys' fees and costs under this fee and cost shifting statute.

115.    On May 7, 2014, pursuant to California Labor Code § 2699.3, Plaintiff sent notice by certified mail to the Labor and Workforce Development Agency (LWDA) and Defendants of the specific provisions of the Labor Code that have been violated, including the facts and theories to support the violations. The LWDA received this notice on May 9, 2014. The thirty-three day time limit for the agency to respond has expired, such that Plaintiff has exhausted his administrative remedies.

**PRAYER FOR RELIEF**

116.    WHEREFORE, Plaintiff, on behalf of himself and the above-described Class and Collective Action Members, requests relief as follows:

 a. Certification of the above-described Class as a class action, pursuant to the California Code of Civil Procedure § 382;

 b. Facilitated Notice under 29 USC § 216(b);

 c. Conditional and Final Certification of a Collective Action;

 d. Appointment of Plaintiff as a Class Representative;

 e. Appointment of Plaintiff's Counsel as Class Counsel;

 f. Provision of class notice to all Class Members;

 g. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law, among others:

  i. California Labor Code §§ 226.8, by knowingly and willfully misclassifying Plaintiff and Class Members as independent contractors;

  ii. California Labor Code §§ 510, 1194 *et seq.*, 1197, and IWC Wage Order No. 9, by failure to pay minimum wages and overtime compensation to Plaintiff and

1    Class Members;

2    iii.    The FLSA, by failing to pay overtime wages to Plaintiff and Collective Action
        Members;

3

4    iv.    California Labor Code § 2802, by failure to reimburse Plaintiff and Class
        Members for necessary business expenses;

5    v.    California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9 for failure
        to provide off-duty meal periods and paid rest breaks to Plaintiff and Class

6        Members;

7

8    vi.    California Labor Code §§ 201-203, by willful failure to pay all wages owed at
        the time of termination of employment;

9    vii.    California Labor Code § 226(a) and 1174.5, by failure to provide itemized
        written statements semimonthly or at the time of payment of wages accurately

10        showing all the information required by California law, including but not limited
        to total hours worked, and for failure to keep accurate payroll records;

11

12    viii.    California Business and Professions Code §§ 17200 *et seq.*, by failure to pay
        unpaid minimum wages and overtime compensation due to Plaintiff and Class

13        Members under California law, by willfully failing to pay all compensation
        owed to Plaintiff and Class Members upon termination of employment; by

14        willfully failing to provide legally compliant wage statements; by requiring
        Plaintiff and Class Members to work through their meal periods without paying

15        them proper compensation; by failing to reimburse Plaintiff and Class Members
        for necessary business expenses; by willfully and knowingly misclassifying

16        Plaintiff and Class Members as independent contractors for Defendants'
        financial gain; and

17

18    ix.    A declaratory judgment that Defendants have knowingly and intentionally
        violated California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, and

19        2802 and have willfully misclassified Plaintiff and Class Members as
        "independent contractors" in violation of Labor Code § 226.8, all of which give

20        rise to civil penalties and other remedies under the PAGA.

21

22    h.    A declaratory judgment that Defendants' violations as described above were willful
and/or knowing and intentional;

23

24    i.    An equitable accounting to identify, locate, and restore to all current and former
Class Members the overtime wages due;

25

26    j.    An award to Plaintiff and the Class Members of damages in the amount of unpaid
minimum wages and overtime compensation, necessary business expenses, and meal period

27    compensation, including interest thereon subject to proof at trial;

28    k.    An award of penalties owed, pursuant to Labor Code § 203, to Plaintiff and all Class

Members who resigned or whose employment was terminated by Defendants without receiving all overtime compensation owed at the time of separation;

l.   An award of liquidated damages to Plaintiff and Class Members, in an amount equal to minimum wages unlawfully unpaid, according to proof, pursuant to California Labor Code §1194.2;

m.   An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and Class Members for Defendants' failure to pay legally required minimum wage, overtime pay, rest period premium wages, meal period premium wages, out-of-pocket necessary business expenses, and interest thereon, in an amount according to proof, pursuant to California Business & Professions Code § 17203 and other applicable law;

n.   An award to Plaintiff and the Class Members of damages and/or penalties as set forth in California Labor Code § 226(e) and 1174.5;

o.   An award to Plaintiff and the Class Members of premium wages for missed meal periods, according to proof;

p.   An award to Plaintiff and Class Members of premium wages for missed rest breaks according to proof;

q.   An award to Plaintiff and Class Members of PAGA civil penalties under Labor Code § 2699, *et seq.*, subject to proof at trial;

r.   An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure § 1021.5, California Labor Code §§ 226(e), 1194, 2802 and/or other applicable law;

s.   An award to Plaintiff and the Class Members of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

117.   Plaintiff, on behalf of himself and all Class and Collective Action Members, hereby demands a trial of his claims by jury to the extent authorized by law.

FIRST AMENDED CLASS ACTION COMPLAINT

1   DATED:  April 9, 2015                          RUKIN HYLAND DORIA & TINDALL LLP

2

3                                            By: _____

4                                                PETER RUKIN
                                                 Attorney for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

Rukin Hyland Doria & Tindall LLP
Attn: Rukin, Peter
100 Pine Street, Ste 2150
San Francisco, CA   94111____

Schauman & Hubins
Attn: Hubins, Jeffery M.
5700 Stoneridge Mall Road
Ste. 130295
Pleasanton, CA   94588

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Johnson<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Serenity Transportation, Inc.<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG14728931<br><br>Order<br><br>Motion to Amend Complaint<br>Granted |

The Motion to Amend Complaint was set for hearing on 04/09/2015 at 08:30 AM in Department 21 before the Honorable Wynne Carvill.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Motion of plaintiff Curtis Johnson ("Plaintiff") For Leave To File First Amended Complaint ("Motion") is ruled on as follows:

The court notes that Plaintiff's compliance with California Rule of Court 3.1324 is marginal, but that defendants Serenity Transportation, Inc. and David Friedel filed a statement of Non-Opposition on March 26, 2015.

The Motion is GRANTED. Plaintiff shall file his First Amended Complaint ("FAC") forthwith, and no later than April 16, 2015. The copy of the FAC that was submitted with the Motion is NOT deemed filed - it MUST be filed separately.

The FAC will be deemed served upon Serenity Transportation, Inc. and David Friedel as of the date it is filed, and these current defendants shall file and serve their responsive pleadings no later than May 6, 2015.

The newly named entity defendants must be served with summons and the FAC by no later than May 1, 2015, and shall have the statutory time to file their responsive pleadings.

The deadline set by the court in its Case Management Order dated August 22, 2104 for Plaintiff's Motion For Class Certification to be filed by April 30, 2015 is hereby vacated. Plaintiff should be prepared to commit to a new deadline at the next Case Management Conference, currently set for May 13, 2015, and the joint case management conference statement submitted before the next CMC should address this and any other scheduling issues.

Dated:  04/09/2015

_____
Judge Wynne Carvill

---

Order



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided.

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

    Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

    a. No party to the case has requested a complex civil litigation determination hearing;
    b. All parties have been served and intend to submit to the jurisdiction of the court;
    c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e. Case management statements are submitted with this stipulation;
    f. All parties will attend ADR conferences; and,
    g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
      (TYPE OR PRINT NAME)                       (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
      (TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

EXHIBIT B

<table>
<tr><td>

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Peter S Rukin, 178336

Rukin, Hyland, Doria & Tindall LLP

100 Pine Street Suite 2150

San Francisco, CA 94111
TELEPHONE NO.: (415) 421-1800
ATTORNEY FOR (Name): Plaintiff

</td><td>

**FILED BY FAX** [10]

ALAMEDA COUNTY

April 14, 2015

CLERK OF
THE SUPERIOR COURT
By Jennifer Daley, Deputy

</td></tr>
</table>

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Alameda County

1225 Fallon Street, #109

Oakland, CA  94612-4293

CASE NUMBER:
**RG14728931**

PLAINTIFF/PETITIONER: Curtis Johnson

DEFENDANT/RESPONDENT: Serenity Transportation, Inc., et al.

CASE NUMBER:
RG14728931

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Serenity |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, First Amended Complaint, Order - Motion to Amend Complaint, ADR Information Packet

3. a. Party served: Service Corporation International

   b. Person Served: CSC - Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
               Sacramento, CA  95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 4/14/2015    (2) at (time): 1:42 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:

   Service Corporation International

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:     Christine E. Martin
   b. Address:    One Legal - 194-Marin
              504 Redwood Blvd #223
              Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 37.95
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2014-11
         (iii) County: SACRAMENTO

BY FAX

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date; 4/14/2015

Christine E. Martin
   (NAME OF PERSON WHO SERVED PAPERS)               (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 7361540

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF PLACER:

I am a citizen of the United States.  My business address is 2240 Douglas Boulevard, Suite 150, Roseville, California  95661.  I am employed in the County of Placer where this mailing occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(C)**

on the parties as follows:

| *Counsel for Plaintiff* | *Counsel for Serenity Transportation, Inc.* |
|---|---|
| Peter Rukin<br>prukin@rhdtlaw.com | Jeff Hubins<br>jhubins@schauman-hubins.com |
| Valerie Brender<br>vbrender@rhdtlaw.com | William Schauman<br>wschauman@schauman-hubins.com |

**VIA ELECTRONIC MAIL**

I caused such document(s) to be sent electronically in PDF format to the above named at the e-mail addresses indicated.  The email system did not indicate any problems with the service of the documents(s) sent.

[X]   (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 4, 2015, at Roseville, California.

Teresa Barker

*Johnson v. Serenity Transportation, Inc., et al.*
*Alameda Superior Court Case No. RG1478931*