PETER RUKIN (SBN 178336)
*prukin@rhdtlaw.com*
VALERIE BRENDER (298224)
*vbrender@rhdtlaw.com*
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile:  (415) 421-1700

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON and ANTHONY ARANDA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SERENITY TRANSPORTATION, INC., a California Corporation, DAVID FRIEDEL, SERVICE CORPORATION INTERNATIONAL, SCI CALIFORNIA FUNERAL SERVICES, INC., THE NEPTUNE SOCIETY OF CENTRAL CALIFORNIA, INC., LIFEMARK GROUP, INC., and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 3:15-cv-02004-JSC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND AND SEEK LEAVE TO FILE PLAINTIFFS' THIRD AMENDED COMPLAINT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>DATE:  August 20, 2015<br>TIME:  9:00 AM<br>PLACE:  Courtroom F - 15th Floor<br>JUDGE:  Hon. Jacqueline Scott Corley |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 20, 2015, at 9:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Jacqueline Scott Corley in Courtroom F, 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will and hereby do move this Court for an order to amend and seek leave to file third amended complaint.

This motion is based on this Notice of Motion and Motion to Amend and Seek Leave to File Plaintiffs' Third Amended Complaint, the attached Memorandum of Points and Authorities in Support of Motion, and the Declaration of Valerie Brender and its attached exhibits, all of which Plaintiffs filed concurrently with this Motion, and all other pleadings and papers on file in this action, and such argument as the Court may hear.

Dated:  July 15, 2015                           Respectfully submitted,


                                                RUKIN HYLAND DORIA & TINDALL LLP


                                                By: */s/ Valerie Brender*_____
                                                Valerie Brender

                                                Counsel for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs seek leave to file a Third Amended Complaint that (1) adds claims under the California Labor Code Private Attorneys General Act that have just been administratively exhausted: (2) dismisses Plaintiffs' Second Cause of Action under Labor Code Section 226.8; and (3) elaborates and clarifies certain facts and legal theories pled in the current operative Second Amended Complaint.

Plaintiffs' motion should be granted under the "extreme[ly] liberal[]" Rule 15 pleading standard. None of the proposed modifications prejudices Defendants. All but two of the named Defendants have been parties to this case for less than four months. Defendant SCI removed the case to federal court immediately after being added to the action. The Initial Case Management Conference is not scheduled until August 13, 2015, and the Rule 26(f) conference has not yet taken place. Defendants STI and Friedel conducted limited discovery while the action was pending in state court, serving a single set of written discovery on Plaintiff Johnson and taking no depositions. Meanwhile, justice requires leave to amend, so that Plaintiff and the proposed class may fully vindicate their rights against the existing Defendants as well as the new Defendants who are jointly and severally liable for the wage and hour violations alleged in this case.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs and proposed class members are mortuary drivers who transport decedents between various locations (including hospitals, nursing homes, and other facilities) and end of life facilities like mortuaries, funeral homes, and crematoria. Although drivers do not control the manner and means by which they perform their work, but rather operate under the close control and direction of others, they have been misclassified as independent contractors and denied the benefits of California and federal wage and hour laws.

On June 12, 2014, Plaintiff Curtis Johnson filed a state court action against Serenity Transportation Inc. ("STI") and its owner, David Friedel. (Declaration of Valerie Brender in Support of Plaintiffs' Motion for Leave to File Third Amended Complaint ("Brender Decl."), ¶ 2.)

- 2 –

Plaintiffs' Notice of Motion & Motion to Amend; Memorandum of Points & Authorities in Support Thereof
Case No.: 3:15-cv-02004-JSC

1  On April 9, 2015, the trial court granted Plaintiff Johnson's motion to amend the complaint to add: SCI and Neptune Society as Defendants; a claim against all Defendants under the Fair Labor Standards Act; and an additional claim under the California Labor Code against all Defendants. *Id.* at ¶ 3. (Dkt. 1.)

On May 4, 2015, Defendant SCI removed this action to this Court. (*See* Dkt. 1.)

Within twenty-one days after Defendant SCI's answer, Plaintiff Johnson filed a Second Amended Complaint adding an additional Plaintiff (Plaintiff Anthony Aranda) and three additional Defendants (Lifemark, SCI California Funeral Services ("SCI California"), and Santa Clara County ("SCC")). (Dkt. 16.)  In the Second Amended Complaint, Plaintiff Aranda asserted the same claims as Plaintiff Johnson as well as an additional theory of liability under California Labor Code Section 2810.3. *Id.* Labor Code Section 2810.3 came into effect on January 1, 2015.  *See* Cal. Lab. Code § 2810.3.

On May 29 and June 3, 2015, as required by Labor Code § 2698 *et seq.*, Plaintiff Aranda served the California Labor and Workforce Development Agency (LWDA) and Defendants with letters detailing the facts and legal theories supporting his claim for PAGA civil penalties. (Brender Decl. ¶¶ 4-5, Ex. 1-2.)  The thirty-three day time limit for the agency to respond to Plaintiff's June 3, 2015 amended letter has now expired, such that Plaintiff has exhausted his administrative remedies and may file his PAGA claims in Court. *See* Cal. Lab. Code § 2699.3 (a party may file PAGA claims upon receipt of a notice from the LWDA that the agency does not intend to investigate the alleged violation or if no notice is provided within 33 calendar days of the postmark date of the notice).

On May 28, 2015, Defendants STI and Friedel informed Plaintiffs that they intended to move to dismiss the Second Amended Complaint.  (Brender Decl. ¶ 7.)  To avoid this motion practice, Plaintiffs agreed to make changes to the Second Amended Complaint to address the alleged deficiencies.  Specifically, Plaintiffs agreed to voluntary dismiss their Second Cause of Action under Labor Code Section 226.8 based on *Villalpando v. Exel Direct Inc.*, No. 12-cv-04137 JCS, 2014 WL 1338297, at \*14 (N.D.Cal. Mar. 28, 2014) (citing *Lu v. Hawaiian Gardens Casino,*

- 3 –

Plaintiffs' Notice of Motion & Motion to Amend; Memorandum of Points & Authorities in Support Thereof
Case No.: 3:15-cv-02004-JSC

*Inc.,* 50 Cal.4th 592, 596–597 (2010) (no direct private right of action under Labor Code Section 226.8; plaintiffs must pursue civil penalties under PAGA) (*See also* Brender Decl. ¶ 8.)  Plaintiffs also agreed to clarify and bolster factual allegations and legal theories alleged in prior versions the Complaint (infra at Section B).  However, Defendants have declined to stipulate to the filing of a Third Amended Complaint.  Accordingly, Plaintiffs now move for leave to file a Third Amended Complaint that cures many, if not all, of the alleged deficiencies identified by Defendants, while Defendants will apparently file by July 18, 2015 a motion to dismiss or answer to the Second Amended Complaint in accordance with the Parties' June 18, 2015 Stipulation. (Dkt. 25.)

**III.   ARGUMENT**

As no scheduling order has yet been set in this case, this motion to amend is governed by Fed. R. Civ. P. 15(a).  Under Rule 15(a)(2), leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).  "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy,* 510 F.3d 1070, 1079 (9th Cir. 2007) (citations omitted).  "Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Banga v. Experian Info. Solutions, Inc.*, No. C 09-04867 SBA, 2013 WL 1209946, at *1 (N.D. Cal. Mar. 25, 2013) (citing to *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d at 1052) "The party opposing the amendment carries the burden of showing why leave to amend should not be granted." *Id.* (citing to *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987)).

As discussed below, all of the relevant factors support granting Plaintiffs' motion for leave to amend.

### A. None Of The Proposed Amendments Or Modifications To Plaintiffs' Complaint Will Prejudice Defendants.

Prejudice to the opposing party is the most important factor when considering whether to grant leave to amend.  *See Eminence Capital,* 316 F.3d at 1052.  Prejudice must be substantial to

- 4 –

justify denial of leave to amend, for example, requiring "defendants to have undertaken, at a late hour, an entirely new course of defense." *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.,* 220 F.R.D. 614, 622 (C.D. Cal. 2003), quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, the filing of the Third Amended Complaint will not cause Defendants any conceivable prejudice. The only additional legal claim—Plaintiff Aranda's PAGA cause of action—is a claim for civil penalties predicated on the same facts and legal theories as Aranda's existing substantive claims. (*See* Brender Decl. ¶¶ 4-5, Ex. 1-2.) (Plaintiff Aranda's PAGA claims allege that he is entitled to recover penalties under California minimum wage and overtime statutes, for failure to pay necessary expenses, for failure to provide meal and rest breaks, for willful misclassification as an independent contractor, and waiting time and wage statement penalties, which are all claims alleged in the Second Amended Complaint). Nor can Defendants argue that they will have insufficient time to conduct discovery on this new claim; the parties have not yet conducted the Rule 26(f) conference and *the time period for conducting discovery has not yet commenced*. Finally, the dismissal of Plaintiffs' Second Cause of Action is affirmatively beneficial to Defendants. These circumstances require a finding of no prejudice. *See Giuliano v. SanDisk Corporation*, No. C 10-02787 SBA, 2014 WL 4685012, at *5 (N.D. Cal. Sept. 19, 2014) (amendment granted where Defendant had "not identified any specific additional discovery that it [would] seek if Plaintiffs' motion is granted, let alone shown that any additional discovery that is required could not be completed before the discovery deadline."); *Hip Hop Beverage Corp.,* 220 F.R.D. at 622 (no unfair prejudice found where proposed claims would not greatly alter the nature of discovery and discovery cut-off was two months away).[1]

**B. Plaintiffs Have Proposed Their Amendments Promptly And Without Undue Delay.**

Undue delay has occurred when a party has filed a motion for leave to amend long after it should have become aware of the information that underlies that motion. *See Jackson v. Bank of*

---

[1] The remaining proposed modifications simply increase the specificity of the factual allegations with respect to existing claims, and present no new legal theories.

- 5 –

Plaintiffs' Notice of Motion & Motion to Amend; Memorandum of Points & Authorities in Support Thereof
Case No.: 3:15-cv-02004-JSC

*Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.")  However, while a district court may consider the factor of undue delay, "[u]ndue delay by itself ... is insufficient to justify denying a motion to amend." *Bowles v. Reade,* 198 F.3d 752, 757–758 (9th Cir. 1999).

Plaintiff Aranda joined this case on May 29, 2015 and served the LWDA with a letter to exhaust his PAGA claims on that same day.  The thirty three day exhaustion period has now just run,. *See* Cal. Lab. Code § 2699.3 (a plaintiff may not file a claim for PAGA civil penalties in court until at least thirty three days after service of exhaustion letter on LWDA).  Furthermore, Plaintiffs agreed to dismiss their Labor Code Section 226.8 claim shortly after Defendants brought this issue to their attention.  Plaintiffs' remaining proposed modifications to the complaint do not advance any new theories; they simply clarify and elaborate on theories already present in the operative complaint, in order to address Defendants' stated concern that the existing joint employer allegations are insufficient. (*See* Dkt. 4, at 13, 17; see also Dkt. 10, at 13, 19); (*See* Brender Decl. ¶ 6).  Because Plaintiffs have acted promptly and without undue delay in proposing all of these amendments, their motion for leave to file a Third Amended Complaint should be granted.

### C. Plaintiffs Amendments Are Not Futile And Are Not Made in Bad Faith.

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988.)  A proposed amended complaint is futile if it would be immediately subject to dismissal. *Nordyke v. King*, 644 F.3d 776, 788 n 12 (9th Cir. 2011) *on reh'g en banc,* 681 F.3d 1041 (9th Cir. 2012.)

Plaintiffs' proposed amendments are not futile.  Plaintiff Aranda's PAGA claims were properly exhausted and are properly added at this time.  The remaining modifications in Plaintiffs' Third Amended Complaint do not involve additional claims, nor do these modifications make Plaintiffs' Complaint subject to dismissal.

Additionally, Plaintiffs' modifications to their Complaint have not been made in bad faith.  Plaintiffs are not seeking to amend their complaint to gain a tactical advantage or avoid an adverse

- 6 –

ruling. *See Bonin v. Calderon,* 59 F.3d 815, 846 (9th Cir. 1995) (bad faith shown where petitioner sought leave to amend late in the litigation after suffering an adverse ruling). These amendments are timely, meant to address issues raised in the parties' meet and confer, and to clearly set forth Plaintiffs' allegations.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs Curtis Johnson and Anthony Aranda respectfully request leave to file the proposed Third Amended Complaint.

Dated:  July 15, 2015                                              Respectfully submitted,

RUKIN HYLAND DORIA & TINDALL LLP

By: */s/ Valerie Brender*
Peter S. Rukin
Valerie Brender

Counsel for Plaintiffs

- 7 –

Plaintiffs' Notice of Motion & Motion to Amend; Memorandum of Points & Authorities in Support Thereof
Case No.: 3:15-cv-02004-JSC