UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON and ANTHON ARANDA,<br><br>    Plaintiffs,<br><br>    v.<br><br>SERENITY TRANSPORTATION, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-02004-JSC<br><br>**ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 32 |

In this putative class action, Plaintiffs Curtis Johnson ("Johnson") and Anthony Aranda ("Aranda" and together "Plaintiffs") filed suit against their employer, Defendants Serenity Transportation, Inc. ("Serenity Transportation"), its owner David Friedel ("Friedel"), as well as Service Corporation International ("SCI"), SCI California Funeral Services, Inc. ("SCI California"), the Neptune Society of Central California, Inc. ("Neptune Society"), Lifemark Group, Inc. ("Lifemark"), and the County of Santa Clara (collectively, "Defendants"). (Dkt. No. 16.) The gravamen of Plaintiffs' Second Amended Complaint ("SAC") is that Plaintiffs, mortuary drivers, have been misclassified as independent contractors and denied the benefits of California and federal wage-and-hour laws. Now pending before the Court is Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC"). The Court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the parties' submissions, the Court GRANTS Plaintiffs leave to amend.

## BACKGROUND

Plaintiff Johnson initiated this wage-and-hour putative class action against STI and Friedel in Alameda County Superior Court on June 12, 2014. (Dkt. No. 1.) Plaintiffs are "mortuary

1  transportation drivers who carry dead bodies and other human remains from various locations
2  (including nursing homes, hospitals, and homes) to Defendants' facilities." (Dkt. No. 16 ¶ 1.)
3  Defendant Serenity Transportation, owned by Friedel, is a mortuary transportation company. (*Id.*
4  ¶ 8.) Defendants SCI and SCI California are providers of funeral and end-of-life services, and
5  Defendants Neptune Society and Lifemark are providers of cremation, removal, and end-of-life
6  services. (*Id.* ¶¶ 11-14.) Defendant Santa Clara County provides investigation, removal, and
7  autopsy services through its Office of the Medical Examiner-Coroner. (*Id.* ¶ 15.) All Defendants
8  are alleged to have worked closely together to provide end-of-life services throughout Northern
9  California, using Plaintiffs to transport decedents. (*Id.* ¶¶ 16-17.)

10  The initial complaint alleged that Defendants violated certain provisions of the California
11  Labor Code—including failure to pay overtime, failure to pay minimum wages, failure to
12  reimburse Plaintiffs for business expenses, and failure to provide meal periods—by classifying
13  Plaintiffs as independent contractors instead of employees. The parties engaged in limited
14  discovery in state court; at least some written discovery was exchanged and at least one deposition
15  was taken. (Dkt. No. 45-1 ¶ 4.) On April 9, 2015, while the case was pending in state court,
16  Plaintiff Johnson amended the complaint to add Defendants SCI and Neptune Society and to
17  include additional state law claims as well as a claim under the Fair Labor Standards Act, 29
18  U.S.C. § 20 ("FLSA"). (*See* Dkt. No. 1 ¶ 1; Dkt. No. 32-1 ¶ 3.) Defendant SCI then properly and
19  timely removed this case to federal court on May 4, 2015. (Dkt. No. 1.)

20  Having landed in federal court, Plaintiffs filed a Second Amended Complaint ("SAC") at
21  the end of May 2015 as a matter of right within 21 days of SCI's answer. (Dkt. No. 16.) *See* Fed.
22  R. Civ. P. 15(a)(1)(B). The SAC added Plaintiff Aranda, as well as the three additional defendants
23  (Lifemark, SCI California, and Santa Clara County). (*See id.*) Plaintiffs also added for the first
24  time a new theory of liability under California Labor Code Section 2810.3, which became
25  effective January 1, 2015. (*See id.* ¶¶ 68, 62.) *See also* Cal. Labor Code § 2810.3.

26  Thereafter, on May 29 and June 3, 2015, Plaintiff Aranda served the California Labor and
27  Workforce Development Agency ("LWDA") and Defendants with letters detailing the facts and
28  legal theories supporting a claim for civil penalties pursuant to California's Private Attorney

2

General Act ("PAGA"), Cal. Labor Code §§ 2698-2699.5. (Dkt. No. 32-2 at 2, 4.) A party may file PAGA claims upon receipt of a notice from the LWDA that the agency does not intend to investigate the alleged violation or if no notice is provided within 33 calendar days of the postmark date of the notice. Cal. Labor Code § 2699.3. According to Plaintiffs, the agency did not respond within 33 days of Aranda's June 3 letter. (*See* Dkt. No. 32 at 4.)

Also at the end of May, counsel for STI and Friedel informed Plaintiffs of their intent to move to dismiss the SAC. (Dkt. No. 32-1 ¶ 7.) After meeting and conferring with defense counsel about the basis for the motion to dismiss, Plaintiffs agreed to voluntarily dismiss their cause of action under California Labor Code Section 226.8 and also sought to allege additional facts in support of certain other claims. (*Id.* ¶ 8.) Defendants declined to stipulate to the filing of the TAC with those changes. (*Id.* ¶¶ 10-11.) Accordingly, Plaintiffs moved for leave to file the TAC on July 15, 2015. (Dkt. No. 32.) Two days later, Defendants moved to dismiss the SAC. (Dkt. No. 34.) However, the Court has since stayed briefing on the motion to dismiss the SAC pending resolution of the instant motion to amend. (Dkt. No. 42.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides generally that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has emphasized that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). Under this rule, in determining whether justice requires leave to amend, courts consider five factors initially listed in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Foman*, 371 U.S. at 182); *see also Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).[1] If any of these factors

---

[1] In contrast, when a plaintiff seeks to file an amended complaint after the leave-to-amend deadline set forth in a court's scheduling order, the plaintiff's ability to amend is "governed by Rule 16(b), not Rule 15(a)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Zamora v. City of San Francisco*, No. 12-cv-02734-NC, 2013 WL 4529553, at *2 (N.D. Cal. Aug. 26, 2013) (citation omitted). Here, the Court has not yet entered a scheduling order, so the liberal standard set forth in Rule 15 applies.

justifies denying an opportunity to amend, the court has discretion to foreclose amendment. *See Foman*, 371 U.S. at 182. Among these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted); see also *W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "The party opposing leave to amend bears the burden of showing prejudice[,]" *Sherpa v. SBC Telecomm'cns, Inc.*, 318 F. Supp. 2d 85, 870 (N.D. Cal. 2004) (citation omitted), and generally of demonstrating why leave to amend should not be granted, *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

"Absent prejudice, or a strong showing of any of the [other] *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). While "[d]elay alone is insufficient to justify denial of leave to amend," *Jones v. Bates*, 127 F.3d 839, 847 (9th Cir. 1997), "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action," *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Ultimately, the decision to grant or deny a request for leave to amend rests in the discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). The court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011).

## DISCUSSION

Because Plaintiffs have already amended the complaint twice, this is the type of case in which the Court has "particularly broad" discretion to deny leave to amend. *See San Pedro Boat Works*, 635 F.3d at 454. However, as described in detail below, the only factor that weighs in favor of denial is undue delay, and in the absence of prejudice, bad faith, or futility, the Court declines to exercise its discretion to deny leave to amend.

Defendants' primary argument in opposition to the motion for leave to amend is futility. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile

4

only if it would be immediately subject to dismissal. *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011). Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Id.* The defendant therefore must present adequate argument and authority in support thereof to enable the court to make an informed decision as to futility. *See, e.g.*, *Raifman v. Wachovia Secs., LLC*, No. C 11-02885 SBA, 2012 WL 1611030, at *3 (N.D. Cal. May 8, 2012) (noting that unsupported, conclusory arguments about futility are not enough). "[Fu]tility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *cert. denied*, 516 U.S. 1142 (1996).

Here, Defendants make three arguments for futility. First, Defendants contend that Plaintiffs' claims under Labor Code Section 2753 are subject to immediate dismissal against Defendant Friedel because he is an employee of Serenity Transportation. (Dkt. No. 45 at 5.) Section 2753 subjects joint and several liability on a "person who, for money or other valuable consideration, knowingly advises an employer to treat an individual as an independent contractor to avoid employee status for that individual . . . if the individual is found not to be an independent contractor." Cal. Labor Code § 2753(a). However, by its very terms, the Labor Code section does not apply to "[a] person who provides advice to his or her employer." Cal. Labor Code § 2753(b)(1). Defendants contend that Plaintiffs' Section 2753 claims against Friedel must fail as a matter of law because, as the proposed TAC alleges, Friedel is an employee of Serenity Transportation. (Dkt. No. 45 at 5.) However, the proposed TAC alleges that Friedel was not only an employee, but also "owner, shareholder, CEO, and Board Member" and that he advised the company to classify Plaintiffs as independent contractors in his capacity as shareholder and board member, not employee. (*See* Dkt. No. 32-2 ¶¶ 9, 77.) Neither party offers any case law addressing whether a defendant alleged to be an employee can still be subject to liability for advice provided in some other capacity. The Court cannot conclude absent further briefing that Plaintiffs' Section 2753 claim against Friedel is futile on these grounds. *See Raifman*, 2012 WL 1611030, at *3.

Defendants next argue that Plaintiffs' amendments are futile because the TAC seeks to

5

1    impose liability for acts dating back to 2011 under Labor Code Section 2810.3, which was not

2    enacted until 2015.  (Dkt. No. 45 at 5.)  *See* Cal. Labor Code § 2810.3.  Defendants offer no

3    authority regarding whether the Section 2810.3 applies prospectively only or reaches conduct

4    before 2015 retroactively.  But for the purposes of the instant motion for leave to amend, this is

5    beside the point, as Plaintiffs allege that Aranda worked for Defendants until March 2015.  (Dkt.

6    No. 32-2 ¶ 7.)  Thus, at the very least Plaintiffs' claims pertaining to violations during Aranda's

7    employment in January, February, and March 2015 are supported by law, contrary to Defendants'

8    position.

9          Defendants' next argument for futility is that Plaintiffs seek to impose penalties for

10   violating Labor Code Section 226.8—willful misclassification of an individual as an independent

11   contractor—but it was not in effect until 2012 and does not permit a private right of action.  (Dkt.

12   No. 45 at 5.)  First, with respect to timing, even if the provision does not apply retroactively,

13   which Defendants' opposition does not even address let alone support with authority, the proposed

14   TAC alleges violations of Section 226.8 since the law took effect.

15         Defendants' next argument fares no better.  To be sure, there is no private right of action

16   under Section 226.8.  *Noe v. Super. Ct.*, 237 Cal. App. 4th 316, 339 (2015) (noting that the

17   language of Section 226.8 "precludes a direct private right of action" "other than through a PAGA

18   claim"); *Rosset v. Hunter Eng'g*, No. C 14-01701 LB, 2014 WL 3469332, at *8 (N.D. Cal. July

19   17, 2014) (citation omitted); *Villalpando v. Excel Direct Inc.*, Nos. 12-cv-04137 JCS, 13-cv-03091

20   JCS, 2014 WL 1338297, at *14-19 (N.D. Cal. Mar. 28, 2014).  But the plaintiffs in those cases

21   asserted claims directly under Section 226.8 in their individual capacities, not as PAGA claims, as

22   Plaintiffs do here.  And in fact, the *Rosset* court at least implied that a PAGA claim predicated on

23   a Section 226.8 violation may lie.  *See Rosset*, 2014 WL 3469332, at *8 ("[B]ecause Plaintiffs

24   make no attempt to argue that they could bring a claim for violation of Section 226.8 through

25   another mechanism (e.g., as a PAGA claim), the court finds that the claim fails as a matter of

26   law[.]").  Defendants cite no authority for the proposition that a plaintiff cannot allege a Section

27   226.8 violation as a PAGA claim.  And indeed, it appears that at least one California court has

28   suggested that plaintiffs may bring a PAGA claim predicated on a Section 226.8 violation.  *See,*

*e.g.*, *Noe*, 237 Cal. App. 4th at 326, 339. In light of this case law, Defendants' conclusory and unsupported argument is not enough to demonstrate that Plaintiffs' proposed PAGA claim would be futile. Thus, Defendants have not demonstrated that the Court should deny leave to amend due to futility.

Another factor that courts consider on a Rule 15 motion is bad faith. *See Ditto*, 510 F.3d at 1079. Leave to amend may be denied where the amendment is introduced to cause a delay in proceedings or for some other improper purpose. *See Foman*, 371 U.S. at 182. For example, courts have denied leave to amend due to bad faith where the plaintiff's motion was brought "to avoid the possibility of an adverse summary judgment ruling" and would prejudice defendant by requiring re-opening of discovery, *see Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986), or where the plaintiff's motive was to destroy diversity and, therefore, the court's jurisdiction, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). There is no indication here that Plaintiffs' proposed amendments are brought in such a manner. To the contrary, on the one hand the proposed TAC would remove one cause of action that Plaintiffs concede is not actionable; this narrowing of claims demonstrates Plaintiffs' effort to move the case forward on cognizable claims only, which is evidence of good faith, not bad. Notably, Defendants' sole argument in support of bad faith is that Plaintiffs seek to bring claims that it knows are not actionable—*i.e.*, "[f]or essentially the same reasons that constitute futility[.]" (Dkt. No. 45 at 6.) As discussed above, Defendants have not met their burden of demonstrating that the proposed amendments are futile, and likewise fail to demonstrate Plaintiffs' bad faith.

Courts next consider whether the plaintiff unduly delayed in seeking leave to amend. *See Foman*, 371 U.S. at 182. The passage of time is not, in and of itself, undue delay; rather, the inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding untimely and prejudicial a motion to amend filed fifteen months after discovery of new facts). In other words, undue delay is "dilatory motive." *In re: Facebook Privacy Litig.*, No.C-10-02389-RMW, 2015 WL 632329, at *2 (N.D. Cal. Feb. 13, 2015) (citation omitted). For

1    example, the Ninth Circuit has found that a 15-month delay between discovering a fact and
2    requesting leave to amend is unreasonable. *See AmerisourceBergen Corp.*, 465 F.3d at 953.
3    "[Although delay alone provides an insufficient ground for denying leave to amend . . . it remains
4    relevant." *Loehr v. Centura Cnty. Comm'y College Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984);
5    *see also Hurn v. Retirement Fund Trust,* 648 F.2d 1252, 1254 (9th Cir. 1981) ("Delay alone does
6    not provide sufficient grounds for denying leave to amend.").

7    Here, Plaintiffs seek to bring Aranda's new PAGA claim alleging violations of Section
8    226.8 within three months after Aranda joined the case and just over one month after exhausting
9    administrative remedies required under state law. *See* Cal. Labor Code § 2699.3. This is not
10   undue delay. With respect to the other amendments, there is no suggestion that Plaintiffs'
11   requested amendments to the Section 2753 and 2810.3 claims are on the basis of newly discovered
12   facts. Plaintiffs appear to concede that they knew of the facts giving rise to these claims earlier.
13   Indeed, these claims were alleged in earlier versions of the complaint in the context of the
14   minimum wage claim (Dkt. No. 1-1 ¶¶ 52-53; Dkt. No. 16 ¶¶ 68-72), and Plaintiffs now seek to
15   add them to all wage claims. Elsewhere, Plaintiffs merely seek to plead additional facts to clarify
16   and bolster existing claims. This indicates that Plaintiffs could have sought to make this structural
17   change earlier, which in turn demonstrates undue delay. But the inquiry does not end here.

18   It is the next factor—prejudice—that weighs most heavily in the analysis. *See Eminence*
19   *Capital, LLC*, 316 F.3d at 1052. Courts often evaluate prejudice in terms of whether relevant
20   deadlines would have to be continued as a result of the new pleading. *See Yates v. Auto City 76*,
21   299 F.R.D. 611, 614 (N.D. Cal. 2013). Thus, Ninth Circuit case law indicates that a defendant
22   may establish prejudice by demonstrating that a motion to amend was made after the cutoff date
23   for such motions, or when discovery had closed or was about to close. *See, e.g.*, *Zivkovic v. So.*
24   *Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of leave to amend where
25   motion was filed 5 days before discovery deadline and proposed amendment would have added
26   additional causes of action that would have required further discovery); *Lockheed Martin Corp. v.*
27   *Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[A] need to reopen discovery and
28   therefore delay the proceedings supports a district court's finding of prejudice from a delayed

1   motion to amend the complaint."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139
2   (9th Cir. 1998) (denying leave to amend due to prejudice where amendment was made "on the eve
3   of the discovery deadline" and thus would have required "re-opening discovery"). Mere addition
4   of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to
5   amend. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

6         Here, though this litigation has been pending for 14 months, the procedural posture of this
7   case makes it highly unlikely that Defendants will suffer any substantial prejudice if the Court
8   grants Plaintiffs' motion for leave to amend, even though Plaintiffs could have requested leave to
9   make some of the proposed amendments earlier. Most notably, although the case has been
10  pending for over a year, the parties are still in the pleading stage, which makes prejudice doubtful.
11  *See, e.g.*, *Organic Pastures Dairy Co., LLC v. Sebelius*, No. 1:12-cv-02019-SAB, 2013 WL
12  1966464, at *3 (E.D. Cal. May 10, 2013) (finding neither prejudice nor delay where plaintiff filed
13  a motion to amend when the "matter has not yet gone beyond the pleading stage"); *Gulcynski v.*
14  *Fidelity Nat'l Title Grp.*, No. 06CV1516 JAH(LSP), 2007 WL 1231635, at *5 ("[T]his case has
15  not yet reached discovery but it still in the pleading stage . . . [so defendant's] argument of
16  prejudice lacks merit."). While the parties engaged in some discovery in state court, there has
17  been no Rule 26(f) case management conference yet in this case, so there are no established
18  deadlines for discovery, let alone discovery deadlines that would need to be pushed back to
19  accommodate amendment. Nor do the proposed amendments prejudice Defendants by drastically
20  changing the scope of the claims. Plaintiff Aranda's new PAGA claim is predicated on violations
21  alleged in earlier versions of the pleadings. And the added facts and changes regarding the
22  Sections 2810.3 and 2753 violations effectively present legal theories already presented in other
23  claims or include additional facts that bolster the same claims already alleged against Defendants.
24  In short, because Defendants were already on notice that these claims existed, the proposed
25  amendments do not represent a major change in the scope of the claims or in the tenor of the case.
26  Thus, there is so no prejudice. *Cf. AmerisourceBergen Corp.*, 465 F.3d at 953 (affirming denial
27  of leave to amend where the proposed amendments "drastically changed [plaintiff's] litigation
28  theory"). In short, given the procedural posture of the case and the scope of the proposed

9

1  amendments, granting leave to amend will not prejudice Defendants.

2  Defendants' arguments to the contrary are unpersuasive. Defendants urge that prejudice is presumed where a motion to amend is brought late in the litigation and, therefore, the Court should presume prejudice here. (Dkt. No. 45 at 4.) While 14 months of litigation have passed, this case is simply not at the "late stages" of litigation. Defendants do not cite any case from the Ninth Circuit in which a court found that a motion to amend filed in the pleading stage counted as filed late in litigation and therefore was presumed to cause prejudice. Next, Defendants assert that they will be "severely prejudice[d]" by being exposed to new theories of recovery "where the statute of limitations and elapsed time has foreclosed or narrowed plaintiffs' recovery." (*Id.* at 5.) But courts have made clear that "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15[.]" *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, No. 12-cv-1830-EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013). Finally, Defendants' reliance on *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014), is misplaced. The *McCoy* court concluded that the trial court did not abuse its discretion in denying leave to amend on grounds of undue delay and prejudice where the case had been pending for 20 months and the parties had invested significant resources litigating a motion for preliminary injunction. *Id.* Not so here; this case has been pending for a shorter period of time with no such motion practice. Ultimately, a fulsome reading of *McCoy* actually undermines Defendants' position: the court acknowledged that undue delay and prejudice from a motion for leave to amend at the pleading stage was the exception to the rule. *Id.* ("Undue delay is unusual at the pleading stage, but there was no abuse of discretion here.") (citation omitted). This case presents no such exception.

Although Plaintiffs unduly delayed in adding at least some of the amendments they now seek to include, there is no evidence of prejudice, bad faith, or futility. As delay alone does not provide sufficient grounds for denying leave to amend, Defendants have not met their burden of demonstrating that leave to amend should not be granted. *See Loehr*, 743 F.2d at 1319-20; *Hurn*, 648 F.2d at 1254.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to amend the SAC and file a TAC. Accordingly, the Court DENIES AS MOOT Defendants' pending motion to dismiss the SAC. (Dkt. No. 34.) Defendants shall respond to the TAC by September 7, 2015.

This Order disposes of Docket Nos. 32 and 34.

**IT IS SO ORDERED.**

Dated: August 17, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge