UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>SERENITY TRANSPORTATION, INC., et al.,<br><br>   Defendants. | Case No. 15-cv-02004-JSC<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SUPPLEMENTAL SUBMISSION AND CONTINUING HEARING**<br><br>Re: Dkt. No. 59 |

  Plaintiffs Curtis Johnson ("Johnson") and Anthony Aranda ("Aranda," and together "Plaintiffs") bring this putative class action against their employer, Defendants Serenity Transportation, Inc. ("Serenity Transportation"), and its owner David Friedel ("Friedel"), as well as alleged "Customer Defendants" Service Corporation International ("SCI"), SCI California Funeral Services Inc. ("SCI California"), and the County of Santa Clara (the "County," and collectively, "Defendants"). (Dkt. No. 58.) The Court previously dismissed the claims against the "Customer Defendants"—*i.e.*, all entities other than Serenity Transportation and Friedel—concluding that Plaintiffs' Third Amended Complaint ("TAC") had failed to allege sufficient facts to plausibly infer the existence of joint employer status under either federal or California law. *Johnson v. Serenity Transp., Inc.*, --- F. Supp. 3d ----, No. 15-2004-JSC, 2015 WL 6664834, at *22 (N.D. Cal. Nov. 2, 2015). Now pending before the Court is Defendants' motion to dismiss all claims against the Customer Defendants in the Fourth Amended Complaint ("FAC") on the grounds that the FAC still fails to allege a basis for joint employer liability. (Dkt. No. 59.)

  In their opposition, Plaintiffs argued that Defendants' motion to dismiss SCI and SCI California would fail even if the joint employer allegations were not sufficient because Defendants failed to challenge a separate, statutory basis for liability: California Labor Code Section 2810.3.

1  (*See* Dkt. No. 61 at 9-12.)  Defendants' reply advances a number of reasons why, in their view,
2  Section 2810.3 does not apply.  (Dkt. No. 62 at 5-8.)  "[C]onsideration of arguments raised for the
3  first time on reply would prejudice the plaintiff if he is not given an opportunity to respond."
4  *Bernard v. Donat*, No. 11-cv-03414-RMW, 2012 WL 10138, at *3 (N.D. Cal. Jan. 2, 2012).
5  Accordingly, Plaintiffs shall have leave to file a supplemental submission by noon on January 19,
6  2016 addressing Defendants' arguments against the application of Section 2810.3.  In light of this
7  supplemental briefing, the hearing previously set for January 14, 2016 at 9:00 a.m. is
8  CONTINUED to January 21, 2016 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: January 12, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge