UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SERENITY TRANSPORTATION, INC., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-02004-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Re: Dkt. No. 75 |

　　　　Plaintiffs Curtis Johnson ("Johnson") and Anthony Aranda ("Aranda," and together "Plaintiffs") bring this putative class action against Defendants Serenity Transportation, Inc. ("Serenity Transportation"), its owner David Friedel ("Friedel"), Service Corporation International ("SCI"), SCI California Funeral Services Inc. ("SCI California"), and the County of Santa Clara (the "County," and collectively, "Defendants"). (Dkt. No. 58.)[1] In the Fourth Amended Complaint ("FAC"), Plaintiffs, mortuary drivers, allege that Defendants have misclassified Plaintiffs and other drivers as independent contractors and denied the benefits of California and federal wage-and-hour laws. Now pending before the Court is Plaintiffs' motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b) and approval of a proposed notice advising potential plaintiffs of the collective action. Defendants concede that conditional certification is proper and oppose Plaintiffs' motion only for the limited purposes of challenging certain language in the proposed class notice and countering Plaintiffs' request to toll the statute of limitations on their FLSA claims. Having considered the parties' submissions, the Court concludes that oral argument is unnecessary. *See* N.D. Cal. Civ. L.R. 7-

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1(b).  In light of Defendants' non-opposition, and because Plaintiffs have made an adequate showing that they are similarly situated to the other drivers in the putative class, the Court concludes that conditional certification is warranted.  As for the proposed notice, the Court approves the material terms and resolves disputes over specific language as set forth below.  In addition, the Court will apply the three-year limitations period to the notice, but declines Plaintiff's request for equitable tolling of that limitations period.

**BACKGROUND**

Plaintiffs are mortuary drivers hired by Serenity Transportation to transport decedents between various locations, including hospitals, convalescent homes, residents, and accident scenes to mortuaries or coroner facilities.  SCI, SCI California, and the County are Serenity Transportation's customers.  Initially hired as employees, upon Friedel's instruction Serenity Transportation reclassified drivers as independent contractors in 2011, but they continued to perform the same work.  Pursuant to the reclassification, all drivers signed "independent contractor agreements" with the same material terms.   In this action, Plaintiffs seek to represent other Serenity Transportation drivers who were classified as independent contractors.

The procedural history of this case was detailed extensively in the Court's Order reviewing the Third Amended Complaint.  *Johnson v. Serenity Transp., Inc.*, --- F. Supp. 3d ----, No. 15-cv-2004-JCS, 2015 WL 6664834, at *3 (N.D. Cal. Nov. 2, 2015).  Suffice it to say that Plaintiff initiated this action in Alameda County Superior Court in June 2014 alleging that Serenity Transportation and Friedel violated certain provisions of the California Labor Code.  (Dkt. No. 1.)  While the case was pending in state court, Plaintiffs filed an amended complaint adding a claim under the FLSA.  (Dkt. No. 1 ¶ 1; Dkt. No. 32-1.)  Defendants removed the case to federal court in May 2015, and Plaintiffs filed the Second Amended Complaint ("SAC") thereafter.  (Dkt. Nos. 1, 16.)  Plaintiffs then filed a motion for leave to file a Third Amended Complaint ("TAC"); shortly thereafter, Defendants moved to dismiss the SAC.  (Dkt. Nos. 32, 34.)  The Court then stayed briefing on Defendants' motion to dismiss the SAC pending resolution of Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC").  (Dkt. No. 42.)  In that Order, dated July 28, 2015, the Court ordered Plaintiff not to file a motion for class certification until further order of

the Court. (*Id.*) The Court then permitted Plaintiff to file the TAC, granted in part Defendants' motion to dismiss the TAC with leave to amend, then denied Defendants' motion to dismiss the Fourth Amended Complaint ("FAC") that followed. (Dkt. Nos. 49, 57, 69.) The same day the Court denied the motion to dismiss the FAC, it issued an Order lifting Plaintiffs' restriction from filing a motion for conditional certification of the FLSA class. (Dkt. No. 68.)

Plaintiffs then filed the instant motion for conditional certification seeking to certify a collective action of all drivers who worked as independent contractors for Serenity Transportation since July 28, 2012. In support of their motion, they have submitted affidavits describing how all drivers perform the same job duties for Defendants and are subject to the same control by Defendants; that drivers work 24-hour shifts, five days a week, resulting in 120-hour workweeks; and that Defendants deny drivers compensation for on-call time and overtime hours that should be compensated because drivers are unable to engage in personal activities during their call time. They have submitted further evidence that Defendants know that drivers work these overtime hours because Friedel schedules them for their shifts and the other Defendants receive documentation of drivers' on-call hours. Plaintiffs ask the Court for an order conditionally certifying the FLSA class on the grounds that all drivers are similarly situated, directing Serenity Transportation to provide any remaining contact information for drivers in the FLSA class within two weeks of any order conditionally certifying the class, and approving the proposed collective action notice.

## DISCUSSION

Defendants do not oppose Plaintiffs' motion for conditional certification of a collective action consisting of all drivers who worked for Serenity Transportation as independent contractors for a certain time period, or their request for an order directing Serenity Transportation to produce contact information in electronic format for those drivers to the extent it has not already been produced—including the names, last known address, telephone numbers, job titles, and last known email addresses—for all potential opt-in plaintiffs. The Court agrees that Plaintiffs have met their burden of demonstrating that drivers are similarly situated to Plaintiff such that notice should be mailed to drivers and posted in the drivers' meeting room near their mailboxes. The proposed

notice program—involving posting information on Plaintiffs' counsel's website, mailing and e-mailing notice to drivers, and posting it in a prominent location in the drivers' meeting room at work—is appropriate, and the proposed 75-day opt-in period is also reasonable. *See, e.g.*, *Romero v. Producers Dairy Foods, Inc.*, 253 F.R.D. 474, 493 (approving request to post notice in potential plaintiffs' workplace); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 836 (2010) (approving 75-day opt-in period). Indeed, Defendants appear to concede as much.

Instead, the sole disputes are about the *content* of the proposed notice. Specifically, Defendants contest particular language included in the notice and also disagree about the temporal scope that should govern which drivers should receive the notice and when they can bring their claims if they opt in to the FLSA class. As a threshold matter, Plaintiffs urge the Court to disregard Defendants' opposition as untimely and consider Defendants to have waived all objections. Plaintiffs filed their motion on March 10, 2016. (Dkt. No. 75.) Pursuant to Local Rule 7-3, Defendants' deadline to file their opposition or statement of non-opposition was March 24, 2016. *See* N.D. Cal. L.R. 7-3(a), (b). Defendants filed their response on March 25, 2016. (Dkt. No. 76.) Plaintiffs have not shown how this one-day delay has prejudiced its position, so the Court declines to strike or disregard the opposition on this basis. *See Cai v. Fishi Cafe, Inc.*, No. C-05-3175 EDL, 2007 WL 2781242, at *1 n.2 (N.D. Cal. Sept. 20, 2007) ("Although the opposition and declaration were filed one day late . . . the Court declines to strike them for that reason, particularly since Defendants have shown no prejudice as a result of the late filing.").

## I.   Disputed Proposed Notice Language

"[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 174 (1989). "To that end, trial courts must take care to avoid even the appearance of a judicial endorsement of the merits of the action." *Id.* Notice also has the "purpose of providing [potential plaintiffs] with a neutral discussion of the nature of, and their rights in, these consolidated actions." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 540 (N.D. Cal. 2007) (quotation marks and citation omitted). Defendants object to certain language in the proposed notice form, and the Court rules as follows:

4

(1) Defendants contend that the notice sent to the class should include a statement on the second and third pages that drivers are not obligated to join the lawsuit. The Court agrees that such information should be included in the notice in both places that Defendants proposed.

(2) Defendants ask that the Court remove from the proposed notice a warning that if a driver does not opt-in and chooses to file his own lawsuit, "[i]f a claim is not filed within the [limitations period], it may be prohibited." (Dkt. No. 76-2 at 4.) This information is both accurate and relevant to a driver's decision to opt in to this action. The Court therefore declines to remove this language.

(3) Defendants object to setting off in boldface type an instruction indicating "If you wish to join the Action, you should return the 'Consent to Join' form. If you do not wish to join this Lawsuit, you should simply take no action." (Dkt. No. 76-2 at 4.) There is nothing objectionable about the boldface type. It is neither prejudicial nor confusing. If anything, it emphasizes to potential opt-in Plaintiffs the consequences of their action—or inaction—which is the goal of the notice.

(4) Defendants argue that contact information for its counsel should be provided on the class notice, instead of just the contact information for Plaintiffs' counsel. The Court does not agree. Defendants do not cite any case law requiring that the notice include defense counsel's contact information. And indeed, courts in this District have rejected requests to include defense counsel's contact information in FLSA collective action notices. *See, e.g.*, *Harris*, 716 F. Supp. 2d at 847 (citations omitted); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007).

Defendants' remaining objections to particular wording are overruled.

**II.  Temporal Issues**

Next, the parties dispute two issues pertaining to the temporal scope of the proposed notice and the potential opt-in Plaintiffs' claims. They disagree about what statute of limitations applies, which governs who receives notice, and also about whether the opt-in Plaintiffs are entitled to equitable tolling of the statute of limitations once they file their claims. The Court will address each issue in turn.

A. <u>What Statute of Limitations Applies</u>

The typical statute of limitations for an FLSA violation is two years. *See* 29 U.S.C. § 255(a). However, the statute of limitations is extended to three years where the violation is willful. *Id.* An employer's violation is willful, triggering the longer limitations period, when the employer knowingly violated the FLSA or if it "disregarded the very possibility that it was violating the statute." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003) (internal quotation marks and citation omitted). Put another way, the determination of willfulness is a mixed question of law and fact that generally requires evidence of an employer's "knowing or reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* (citations omitted).

Where there are allegations of willfulness, courts generally decline to limit the potential class to the two-year limitations period at the conditional certification stage, finding the determination better suited to resolution via summary judgment, with the benefit of a more fulsome record. *See Alvarez*, 339 F.3d at 908; *see, e.g.*, *Woods v. Vector Mktg. Corp.*, No. C-14-0264, 2015 WL 5188682, at *8 (N.D. Cal. Sept. 4, 2015) ("[T]he Court finds that it is far more appropriate to determine the 'willfulness' issue at an adjudicating stage rather than at the certification stage, where the Court's task is far more circumscribed, and limited to determining simply whether an FLSA action should proceed on a collective basis.") (citations omitted); *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1005 (N.D. Cal. 2010) (rejecting the defendant's arguments against the three-year willfulness statute of limitations at the certification stage because "[w]hat the Court is being called upon to evaluate at this juncture is whether there is enough similarity between [Plaintiffs] and other putative collective action members such that the case should proceed as a collective action."); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 542 (N.D. Cal. 2007) (on motion for conditional certification, noting that a reasonable jury could find willfulness based on the evidence the plaintiffs provided, but declining to "make a determination of willfulness at this early stage" or "to limit the scope of notice to officers employed in the last two years").

Here, Plaintiffs have presented evidence that Defendant Friedel advised Serenity Transportation to reclassify drivers from hourly employees to independent contractors despite

their job duties and Serenity Transportation's control over them remaining constant. They have further proffered evidence that Defendants knew drivers worked overtime: Serenity Transportation and Friedel scheduled drivers for 24-hour shifts, five days a week, and SCI, SCI California, and Santa Clara County required that drivers be made available 24 hours a day, and all Defendants had at their disposal information regarding the hours that drivers spent responding to calls. A reasonable jury could find willful overtime violations based on this evidence. The court will apply the willfulness extension to the limitations period for notice purposes, and will adjudicate which statute of limitations actually applies at a later stage of litigation.

### B. Whether Plaintiffs are Entitled to Equitable Tolling

Plaintiffs also move for equitable tolling of the statute of limitations for the opt-in Plaintiffs' FLSA claims. The statute of limitations for the FLSA is subject to equitable tolling, *see Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), but federal courts award this form of equitable relief "only sparingly." *Bower v. Cycle Gear, Inc.*, No. 14-cv-02712-HSG, 2015 WL 2198461, at *2 (N.D. Cal. May 11, 2015) (citation omitted); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Equitable tolling is extended sparingly and only where claimants exercise diligence in preserving their legal rights.") (citation omitted). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control make it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) ("[E]quitable tolling concerns itself with the equities of dismissal for untimely filing caused by factors independent of the plaintiff."). At bottom, the inquiry assesses the fairness to both parties. *Woods v. Vector Mktg. Corp.*, No. C-14-0264-EMC, 2015 WL 1198593, at *6 (N.D. Cal. Mar. 16, 2015) (citation omitted).

For the purposes of determining the timeliness of an FLSA claim, claims of individual claimants who are not named plaintiffs do not commence—and therefore the statute of limitations continues to run—until the claimant opts in to the suit by filing a written consent to become a

7

party plaintiff. 29 U.S.C. § 256(b). An FLSA collective action therefore differs from a Rule 23 class action, under which the statute of limitations is tolled for all putative class members when the plaintiff files the complaint. *See* Fed. R. Civ. P. 23.

Here, Plaintiffs ask the Court to equitably toll the statute of limitations from July 28, 2015 to the date the potential plaintiffs opt in. Their request turns on an Order the Court issued on July 28, 2015 (the "July 2015 Order"), directing Plaintiffs not to file a motion for class certification until further order of the Court because the pleadings were not yet set. (Dkt. No. 42.) The Court did not lift that restriction until January 22, 2016. (*See* Dkt. No. 68 at 1.) Plaintiffs argue that they diligently pursued their rights under the FLSA in the meantime and therefore the entire time between July 28, 2015 and the close of the opt-in period should be tolled. From the Court's perspective, this request is more appropriately parsed into a request to toll three separate time periods: (1) the time between the Court's January 22 Order permitting Plaintiffs to file for certification and March 10, 2016, when Plaintiffs filed for certification; and (2) the time between the March 10, 2016 filing and the close of the opt-in period; and (3) the time between the Court's July 28, 2015 Order prohibiting Plaintiffs from moving for certification and the January 22, 2016 Order permitting Plaintiffs to so file.

There is no basis to equitably toll any of these time periods. The Court's January 22 Order set a deadline for Plaintiff's certification motion, but Plaintiffs could have filed at any time thereafter. They offer no explanation for the delay—though it was minimal—nor do they even suggest that Defendants impacted the delay in any way. *Cf. Guifi Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 4635198, at *16 (N.D. Cal. Oct. 5, 2011) (tolling due to evidence that defendant "intimidated members of the putative class by coercing them to sign opt-out forms at individual meetings"). The Court likewise declines to toll the time between the date Plaintiffs filed for certification and the close of the opt-in period, which mostly entails the time the conditional certification motion was pending before the Court along with the 75-day opt-in period. The Court recognizes that "there is a split of authority between (1) cases in the Northern District which decline to equitably toll the statute of limitations on account of the pendency of a motion for conditional certification and (2) a handful of cases from other district courts that find that the

time required for a ruling on certification of a collective action justifies equitable tolling." *Woods*, 2015 WL 1198593, at *7 (collecting cases); *see also, e.g.*, *Shaia v. Harvest Mgmt. Sub LLC*, No. C 14-4495 PJH, 2015 WL 1744341, at *3 (N.D. Cal. Apr. 15, 2015) ("Courts have routinely denied requests for equitable tolling in FLSA cases, where the plaintiffs have failed to show that the defendant engaged in any wrongful conduct, and/or failed to show that 'extraordinary circumstances' beyond the plaintiffs' control made it impossible to file the claim on time.") (citations omitted). The Court agrees with the trend in this District that tolling is inappropriate merely due to the pendency of a certification motion. As one court in this District explained:

> when Congress enacted Section 256 of the FLSA, it was aware that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period. Consistent with Congressional design then, good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims.

*Adedapoidle-Tyehimba v. Crunch LLC*, No. 13-CV-00225-WHO, 2013 WL 4082137, at *7 (N.D. Cal. Aug. 9, 2013) (internal quotation marks and citation omitted). Here, Plaintiffs do not contend that this delay stemmed from any bad faith conduct of Defendants. *Cf. Guifi Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 4635198, at *16 (N.D. Cal. Oct. 5, 2011) (tolling due to evidence that defendant "intimidated members of the putative class by coercing them to sign opt-out forms at individual meetings"). Nor has the motion been pending a long time, which might otherwise support tolling. *See Shaia*, 2015 WL 1744341, at *4. Thus, there are no grounds to toll the time between the date Plaintiffs filed for conditional certification and this Order. The same is true of the delay between the Court's Order granting conditional certification and the close of the opt-in period: in enacting the FLSA, Congress envisioned a lapse between these two time periods and declined to adjust the statute of limitations to account for that delay. It is not the Court's role to step in and provide a remedy where Congress has declined to do so.

Nor will the Court toll the time between the July 28, 2015 Order prohibiting Plaintiffs from moving for certification and the January 22, 2016 Order permitting Plaintiffs to so file—that is, the time that passed until the pleadings were set. "[G]ood-faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims." *Adedapoidle-*

*Tyehimba*, 2013 WL 4082137, at *7 (citation omitted).  For example, in *Adedapoidle-Tyehimba*, plaintiff sought equitable tolling of the time that passed while the defendants filed two motions to dismiss and to stay the plaintiff's claims and discovery.  2013 WL 4082137, at *7.  The Court rejected the plaintiff's invitation to toll because the defendants' motions to dismiss and to stay "raised valid legal arguments and do not constitute wrongful conduct warranting equitable tolling."[2]  *Id.* (citation omitted); *see also MacGregor v. Farmers Ins. Exch.*, 10-cv-03088, 2011 WL 2731227, at *2-3 (D.S.C. July 13, 2011) (declining to grant equitable tolling of FLSA statute of limitations due to defendant's filing motion to dismiss the complaint and motion to dismiss the amended complaint).

So too here.  Between the Court's July 28, 2015 Order and when the pleadings were finally set, Defendants moved to dismiss the Third Amended Complaint and then the Fourth Amended Complaint.  (Dkt. Nos. 45, 51, 59.)  Defendants' motions narrowed the pleadings by eliminating certain claims and eventually resulted in Plaintiffs dropping two defendants from the action.  (*Compare* Dkt. No. 16, *with* Dkt. No. 58.)  By any measure, then, Defendants' motion practice raised valid legal arguments and did not constitute wrongful conduct warranting equitable tolling.  *See Adedapoidle-Tyehimba*, 2013 WL 4082137, at *7; *MacGregor*, 2011 WL 2731227, at *2-3.

Plaintiffs do not cite any case law that persuades the Court otherwise.  The only case on which Plaintiffs rely is *Mitchell v. Acosta Sales, LLC*, 841 F. Supp. 2d 1105, 1120 (C.D. Cal. 2011), which they cite for the proposition that tolling is appropriate because the plaintiffs "have diligently pursued their legal rights and are without fault for the delay."  *Id.*  (*See also* Dkt. No. 78 at 5.)  But there, the court tolled the plaintiffs' claims on the grounds that the defendant had failed to produce class member contact information and because the plaintiffs had otherwise diligently pursued their claims.  *Id.*  Thus, *Mitchell* does not support Plaintiff's position that tolling is appropriate due to delays caused by a defendant's good faith motion practice.

---

[2] Notwithstanding this discussion, the *Adedapoidle-Tyehimba* court ultimately granted equitable tolling of prospective non-California plaintiffs' FLSA claims due to a discovery stay it had granted awaiting resolution of settlement in a state court case that would have disposed of any California-based potential opt-in Plaintiffs' claims.  *See Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-cv-00225-WHO, 2013 WL 5594713, at *2 (N.D. Cal. Oct. 10, 2013).

1    Nor has the Court found any cases that support such a position. Courts in this District
2 sometimes apply equitable tolling to time periods that passed due to matters outside of the
3 plaintiff's control. *See, e.g.*, *Shaia*, 2015 WL 1744341, at *4 (equitably tolling due to a substantial
4 delay in issuing the conditional certification order once the motion was ripe); *Koval v. Pac. Bell
5 Tel. Co.*, No. C 12-1627 CW, 2012 WL 3283428, at *7 (N.D. Cal. Aug. 10, 2012) (equitably
6 tolling due to a court-ordered stay pending resolution of a related state case); *Helton v. Factor 5,
7 Inc.*, No. C 10-04927 SBA, 2011 WL 5925078, at *6-7 (N.D. Cal. Nov. 28, 2011) (equitably
8 tolling due to a court-ordered referral to a mandatory settlement conference that deferred the time
9 for plaintiffs to file their conditional certification motion, even though they were prepared to file
10 it). But such is not the case here, where Plaintiffs had control over the pleadings and could have
11 avoided drawn-out motion practice by drafting narrower claims from the beginning. For each of
12 these reasons, the Court declines Plaintiff's request for equitable tolling.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiffs' motion subject to the parties submitting a final form notice. Plaintiffs have met their burden of establishing that they and drivers are similarly situated for the purposes of conditional certification, and the proposed notice is reasonable and adequate with the changes discussed above. The Court declines to determine which statute of limitations applies to Plaintiffs' claims and concludes that the three-year willfulness extension is appropriate for the purposes of the notice. Finally, the Court denies Plaintiffs' request for equitable tolling.

Within 7 days of this Order, the parties shall confer and submit in a joint report a stipulated version of the form notice consistent with the discussion above.

**IT IS SO ORDERED.**

Dated: April 19, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

11