UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERENITY TRANSPORTATION, INC., et al., <br><br> Defendants. | Case No. 15-cv-02004-JSC <br><br> **ORDER RE: DISCOVERY DISPUTES** <br> Re: Dkt. Nos. 136, 137, 138, 139 |

By stipulation adopted by the Court (Dkt. No. 108), the parties agreed to limit discovery to whether Defendants (other than Serenity) are Plaintiff's joint employer. Defendants' motions for summary judgment on that issue are due to be heard on December 15, 2016. Now pending before the Court are four discovery disputes.

**A.     The SCI Dispute (Dkt. Nos. 136, 137)**

The SCI defendants have moved for summary judgment. (Dkt. No. 124.) One of SCI's arguments is that as a holding company it cannot be liable for SCI California's liability to its employees, including Plaintiff if he is found to be an employee of SCI California. (Dkt. No. 124-1 at 8.) Given that argument, Plaintiff is entitled to test SCI's insistence that it does not have any control over SCI California's employees, which is where Plaintiff's "integrated enterprise" theory comes in.

This case, however, unlike *Castaneda v. Ensign Grp., Inc.*, 229 Cal. App. 4th 1015, 177 (2014), *review denied* (Dec. 17, 2014), has not yet established that Plaintiff is an employee of SCI California. Notwithstanding SCI's argument in its summary judgment motion, the Court proposes to decide only if there is a triable issue as to whether SCI California is Plaintiff's joint employer and will assume, for purposes of the motion, that SCI and SCI California are an integrated enterprise. If there is a triable issue of fact as to SCI California's liability as a joint employer, then

1  SCI's liability as an integrated entity with SCI California can be litigated later.  If there is no
2  triable issue as to SCI California, then there is none as to SCI either.  That does not mean that
3  SCI's interactions involving Serenity are irrelevant; since the Court assumes SCI and SCI
4  California are an integrated entity for purposes of the pending summary judgment motion, SCI's
5  conduct vis-à-vis Serenity is likely relevant.

In light of this limitation, Plaintiff shall reconsider his SCI and SCI California outstanding discovery requests.  If he believes he needs any of the requested discovery to address the pending summary judgment motion as limited by the Court, he shall meet and confer with Defendants by telephone.  If the parties are still at an impasse, they shall submit a further joint letter.  In the letter, Plaintiff shall identify each topic for which he still seeks 30(b)(6) deposition testimony from SCI, and each type of ESI he believes is improperly withheld, and explain how each such topic/specific ESI  is relevant to the joint employer question presented by the pending summary judgment motion. (The deposition notice should be attached to joint letter.)  Defendant SCI shall respond topic-by-topic and then Plaintiff shall address Defendant's response in the letter.

Plaintiff shall provide the SCI Defendants with his letter brief portion by close of business on Friday, October 21, 2016.  Defendants shall provide Plaintiff with their responsive portion by close of business on Tuesday, October 25, 2016.  Plaintiff shall file the joint letter brief, if any, by 5:00 p.m. on Thursday October 27, 2016.

**B.     The Serenity/Santa Clara County Disputes (Docket Nos. 138, 139)**

Plaintiff asserts, and Defendants do not dispute, that Defendants agreed to produce emails from four custodians using Plaintiff's search terms. (Dkt. No. 138-1 at 4, 6.)  The production was to update ESI last produced in September 2014.  According to Plaintiff, Defendants' August 2016 production did not include any emails from between September 2014 and May 2016. (Dkt. No. 138 at 1.)  While Defendants insist they have produced many documents, they ignore the accusation that they have not produced any emails from between September 2014 and May 2016.

Accordingly, on or before close of business on Wednesday, October 19, 2016, Defendants' counsel shall submit a declaration attesting to whether Defendants have produced emails from the period of September 2014 through May 2016 responsive to the above search and, if so, identifying

the emails by Bates numbers and the dates produced.  If they have not been produced, counsel shall explain in detail why they have not been produced, including precisely what efforts have been made to search for the emails.

As for the other responses (Dkt. No. 139), if a party wants an extension to respond to discovery it should not wait until the date it is due to request the extension.  It is unreasonable to ask for an extension on a Friday and then complain that the opposing party did not respond to the request until Monday.  There is no excuse for Defendants' delayed request as it takes days, if not weeks, to appropriately respond to such discovery; thus, Defendants knew for days that it could not meet the discovery deadline.  And the one business day it took Plaintiffs to respond to Defendants' belated request does not excuse Defendants' several-week delay in responding to Plaintiff's meet and confer efforts, especially when Defendants' responses are so obviously and indeed admittedly insufficient.  Defendants' conduct demonstrates that they are not taking their discovery obligations seriously.

On or before Friday, October 21, 2016, Defendants shall respond to the Requests for Admissions.  (Dkt. No. 139-2, 139-3.)  Plaintiff did not provide the interrogatories with the joint discovery letter so the Court is not presently ordering them answered, especially since Defendants have since filed their summary judgment motion.  As Defendants acted unreasonably in refusing to supplement their non-responses to the requests for admissions without requiring a court order, they shall show cause as to why they should not be required to pay Plaintiff's attorneys' fees and costs incurred in drafting Docket No. 139.  *See* Fed. R. Civ. P. 37(5)(A).  The response to the show cause shall be filed by October 19, 2016.  Plaintiff shall not file a response until directed by the Court.

This Order disposes of Docket Nos. 136, 137, 138, and 139.

**IT IS SO ORDERED.**

Dated: October 17, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3