UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SERENITY TRANSPORTATION, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-02004-JSC<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 150 |

Now pending before the Court is a discovery dispute regarding the production of ESI by Defendants SCI and SCI California (together, "SCI"). (Dkt. No. 150.) In an Order dated October 17, 2016 addressing a number of discovery disputes, the Court directed Plaintiff to reconsider his outstanding discovery requests to SCI to limit them to discovery necessary to respond to SCI's pending summary judgment motions, due to be heard on January 19, 2017.[1] The Court instructed the parties to file a further joint letter if they reached an impasse on that discovery. This joint letter brief followed.

Plaintiff now contends that SCI has withheld emails responsive to Plaintiff's proposed search terms and custodians that are relevant to the joint employer question at issue in SCI's pending motion for partial summary judgment and has waived attorney-client and attorney work product privilege by producing only a belated and insufficient privilege log. Plaintiff asks the Court to order SCI to produce all documents responsive to Plaintiff's search terms forthwith. SCI, for its part, urges that (1) it has produced all relevant, non-privileged responsive documents so any

---

[1] At the time of the October 17 Order, the motions were due to be heard on December 15, 2016. By Order of October 25, 2016, the Court continued the hearing at Plaintiff's request. (Dkt. No. 149.)

1  production of further documents is duplicative and not proportional to the needs of the case; and
2  (2) Plaintiff has waived any argument about privilege by making no effort to meet and confer on
3  that issue.

**I.    Documents Withheld on Relevance Grounds**

After protracted discovery detailed in the joint letter brief that the Court will not repeat here, SCI agreed to run Plaintiff's proposed search terms on its ESI despite its position that the terms were overly broad.[2] There were thousands of hits, and SCI reviewed them before making its production. Plaintiff then reviewed the hit report, which showed many more emails than SCI actually produced, and requested further production. After significant meet and confer efforts, SCI produced 25 non-privileged documents and a privilege log for three others. Plaintiff now argues that four of those 25 documents are relevant to the joint employer question at issue in SCI's summary judgment motion, which indicates that SCI has been withholding relevant documents, and so the Court should order SCI to produce every single email responsive to the search terms. From SCI's perspective, it had no obligation under Federal Rule of Civil Procedure 26(b) to produce any of the four documents as they are unreasonably duplicative of prior discovery and any further discovery is not proportional to the needs of the case, and it likewise has no obligation to produce any further documents responsive to the search terms.

The four emails at issue indicate that SCI has withheld relevant discovery. First, Exhibit C (Dkt. No. 150-4) is a March 2016 email from Serenity's CEO to Mia Keys at SCI. The email provides contact information for Serenity and states that all Serenity drivers would complete a packet that would go to the holding facility, which is relevant to the joint employer analysis as it touches on SCI's control over drivers and its maintenance of employment records. The email is relevant and should not have been withheld. Although the forms themselves have already been produced and discussed in multiple depositions (Dkt. No. 151 ¶ 11(a)), a defendant does not have discretion to decide to withhold relevant, responsive documents absent some showing that producing the document is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

---

[2] SCI's position on the search terms is of no consequence since SCI ran the terms then conducted a review of all responsive documents.

SCI has made no such showing.

The same is true of Exhibits D (Dkt. No. 150-5) and E (Dkt. No. 150-6). Exhibit D is an email from the manager of an SCI-owned mortuary expressing the mortuary's intent to stop using Serenity drivers and use their own or another company's. Exhibit E is an email from SCI mortuary indicating that it will call Serenity to get a driver when other drivers are unavailable. These emails are relevant to the joint employer analysis as they touch on whether the services the drivers render are integral to the employer's business, whether the drivers' responsibilities pass from one contractor to another, and whether the drivers' work is part of SCI's usual business. SCI contends that the emails are duplicative and not particularly valuable, as the fact that SCI usually uses its own staff as drivers before calling Serenity is well established as it has been the subject of depositions and declarations. (*See* Dkt. No. 151 ¶ 11(b).) But, as explained above, absent a showing of burden—and SCI has made none—it does not have discretion to decide to withhold relevant documents.

A fourth email SCI appears to concede is relevant but did not produce: Exhibit F (Dkt. No. 150-7) is an email from SCI mortuary regarding an SCI policy to prohibit Serenity drivers from transporting more than one decedent at a time. SCI argues that Plaintiff produced a forwarded version of the email and SCI produced Serenity's response to it, and that somehow waives SCI's requirement to produce this document. (Dkt. No. 151 ¶ 11(d).) It does not. A party cannot unilaterally decide that there has been enough discovery on a given topic.

SCI's withholding of these four relevant documents—emails that are responsive to the search terms and say either "Serenity" or "Friedel"—without any showing of burden that would render production out of proportion to the needs of the case was improper. These four emails suggest that SCI may be withholding other relevant ESI. Accordingly, the Court ORDERS SCI to produce all non-privileged, relevant documents that include the search terms "Serenity" or "Friedel"—by **November 4, 2016.**

## II.   Privilege Log Issues

Defendant has only provided a privilege log for three emails, and did so only belatedly. (Dkt. No. 150-1 ¶ 11; Dkt. No. 150-3.) Moreover, that privilege log is patently inadequate as it

3

does not contain enough information to permit Plaintiff or the Court to evaluate whether the privilege applies. Instead, the log states that all three emails are "protected by the attorney-client privilege and attorney work product protections[,]" includes dates (where applicable) and names—which may be the sender and recipient, but that is not clear either—and no further information. (Dkt. No. 150-3 at 2.) There is no indication of the content of the emails or whether either the sender or recipient is an attorney. (*Id.*)

Plaintiff asks the Court to deem SCI to have waived privilege over its ESI for having failed to produce a sufficient log for these three emails, or a log at all for the remainder of ESI documents withheld since production began. (Dkt. No. 150 at 3-4.) Courts have discretion to deem failure to produce a timely privilege log as a complete waiver of privilege. *See Coalition for a Sustainable Delta v. Koch*, No. 1:08-CV-00397 OWW GSA, 2009 WL 3378974, at *3 (E.D. Cal. Oct. 15, 2009) (citing *Burlington No. & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142, 1149 (9th Cir. 2005). The Court declines Plaintiff's invitation to find waiver here, where the dispute appears to turn on an insufficient log regarding only three documents and where it appears that the parties have not yet met and conferred on this issue, contrary to the requirements of the Court's Standing Order. Instead, the Court ORDERS SCI to produce an adequate privilege log by **November 4, 2016** for **every** responsive document withheld on privilege grounds.

## CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART Plaintiff's request to compel production of all documents responsive to the search terms that SCI ran. Specifically, the Court ORDERS SCI to produce all non-privileged documents responsive that include "Serenity" or "Friedel"—by **November 4, 2016.** The Court declines to hold that SCI waived the attorney-client privilege and attorney work product protection, but ORDERS SCI to produce an adequate privilege log for all ESI withheld on the basis of any privilege by **November 4, 2016.**

**IT IS SO ORDERED.**

Dated: October 28, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge