United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, ET AL., <br> Plaintiffs, <br> v. <br> SERENITY TRANSPORTATION, INC., et al., <br> Defendants. | Case No. 15-cv-02004-JSC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 282 |

In this wage and hour class action, the plaintiff drivers allege that Defendant Serenity Transportation misclassified their status as independent contractors and as a result failed to pay them overtime, among other wage and hour violations. Plaintiffs also seek to recover damages from defendant SCI California, Inc. By Order filed August 1, 2018, the Court certified for class treatment Plaintiffs' claims against Serenity Transportation, except that to the extent the trier of fact finds that Plaintiffs' on-call time is not compensable; in that case Plaintiffs' overtime and minimum wage claims must be tried individually. It also denied certification of the California Labor Code § 2810.3 claim against SCI California, Inc. Now pending before the Court is Plaintiffs' motion for leave to file a motion for reconsideration of that portion of the Court's August 1, 2018 order denying class certification. (Dkt No. 282.)

As stated at the case management conference on August 23, 2018, leave is granted to file the motion for reconsideration as to the California Labor Code § 2810.3 issues. The parties are directed to follow the briefing schedule set forth at the hearing. (Dkt. No. 286.) However, for the reasons explained below, the Court denies leave as to the argument about individualized damages.

A motion for leave for reconsideration is proper only if the moving party shows: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of

the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civil L.R. 7–9(b). Plaintiffs insist that the Court erroneously denied certification because of the possibility that damages may have to be calculated on an individual basis and therefore manifestly failed to consider dispositive legal argument. The Court disagrees.

"In the wage and hour context, courts routinely have found suitable for class treatment a claim alleging an employer consistently applied a uniform policy that harmed an identifiable class of employees when the policy *and the harm it caused* are subject to common proof for all class members." *Kizer v. Tristar Risk Management*, 13 Cal.App.5th 830, 842 (2017) (emphasis in original); *see also id.* ("[t]here can be no class certification unless it is determined by the trial court that similarly situated persons have sustained damage. There can be no cognizable class unless it is first determined that members who make up the class have sustained the same or similar damage." (internal quotation marks and citation omitted)). "Evidence of an employer's uniform policy to misclassify a group of employees as exempt from overtime requirements is not sufficient to support class certification because misclassification alone does not establish liability for overtime violations." *Id.*

The individualized inquiries the Court identified go to whether any particular class member sustained damage, that is, worked overtime or was not paid minimum wage. The Court held that if the trier of fact finds that on-call time is not compensable, "then the actual number of hours worked by each driver other than on-call time must be determined on an individual basis by reviewing each driver's dispatch records, deciding when that driver's on-call time ended at any particular time during any particular shift, and then determining whether that particular driver worked in excess of eight hours or whether the per delivery fee was less than the minimum wage that driver was entitled to for the number of hours the driver worked." (Dkt. No. 276 at 20.) For the overtime claim, for example, assuming the trier of fact finds that the entire 24-hour shift is not

1    compensable, then there must be an individual trial for each driver to determine when the driver
2    was working compensable time, whether in light of that finding the driver worked overtime, and
3    thus if there is any overtime liability at all. In *Bowerman v. Field Asset Services, Inc.*, 2018 WL
4    3753054 *3 (N.D. Cal. Aug. 8, 2018), for example, the court found that there was an employer
5    policy—that was shown via common proof--that *required* the plaintiffs to work overtime. The
6    court expressly distinguished *Kister* on that basis. *Id.* Here, in contrast, the Court does not find on
7    the class certification record that Serenity's business model required drivers to work overtime,
8    unless the trier of fact finds that on-call time is compensable.

9    Plaintiffs' attempts at proving liability through common proof are unpersuasive. First,
10   they contend that Serenity's records show when a driver was dispatched to a call and when the call
11   was completed and all of that time can be analyzed to determine if overtime was worked. As
12   support they rely on analysis of four drivers for a two to four-month period. (Dkt. No. 225-39,
13   225-40.) This analysis, however, assumes that if a driver receives a call from dispatch, but then
14   finishes his meal at a restaurant before leaving to make the pickup and delivery, his compensable
15   time starts when he receives the call. But the evidence in the record is that drivers had to arrive at
16   the pickup location within 75 minutes of receiving a dispatch call, not that they had to stop what
17   they were doing and leave immediately. Thus, if the on-call time is found not to be compensable,
18   when the compensable time starts for any particular call may require individual analysis. Further,
19   Plaintiffs' analysis ignores that even if a trier of fact finds that the entire on-call time is not
20   compensable for the class a whole, a driver may be able to show that on certain occasions based
21   on specific circumstances the on-call time should be compensable. Finally, the analysis assumes
22   that the four drivers' two-to-four month period is representative of the entire class and class
23   period, but does not explain why the evidence supports that assumption.

24   The California Labor Commissioner's recent calculation of overtime for driver Samuel
25   Clement using data similar to that proposed by Plaintiff here does not persuade the Court that
26   liability in these circumstances can be proved through common evidence. (Dkt. No. 233-38.) The
27   Commissioner was adjudicating the case of a single employee in which Serenity had the
28   opportunity to raise individual defenses. That is the same process that would be required here--

individual trials.

Second, Plaintiffs' proposal to calculate overtime based on Serenity's estimate that calls take between one to four hours, and use the mid-point (2.5 hours) for calculating overtime, is also unpersuasive. There is a big difference between one hour and four hours for purposes of determining overtime and minimum wage violations, and Plaintiffs have not offered any analysis or evidence that their proposal leads to a result that is anything close to accurate. Indeed, in the Labor Commissioner matter discussed above, the driver argued his average was two hours. (Dkt. No. 233-38.)

For all these reasons, the Court declines to reconsider at this time its decision not to try on a classwide basis the claims that depend on hours worked if the trier of fact finds that on-call time is not compensable. This decision, however, can be revisited after the trial on the certified claims, if necessary.

This Order disposes of Docket No. 282.

**IT IS SO ORDERED.**

Dated: September 4, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge