United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SERENITY TRANSPORTATION, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-02004-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. Nos. 284, 289 |

In this wage and hour class action, Plaintiffs Gary and Curtis Johnson allege that Defendants Serenity Transportation, Inc. and David Friedel ("Serenity Defendants") misclassified their employment status as independent contractors instead of employees, and therefore denied them the benefits of federal and California wage-and-hour laws. Plaintiffs also seek to recover damages from Defendants Service Corporation International Inc. ("SCI") and SCI California Funeral Services, Inc. ("SCI-Cal") (together, "SCI Defendants"). By order filed August 1, 2018, the Court granted in part and denied in part Plaintiffs' motion for class certification. (Dkt. No. 276.) As relevant to the instant motion, the Court denied class certification of Plaintiffs' claims against the SCI Defendants for wages owed under California Labor Code § 2810.3.[1] Now pending before the Court is Plaintiffs' motion for reconsideration of that portion of the Court's August 2018 order. (Dkt. No. 289 at 3.)[2] Also before the Court is Plaintiffs' motion to stay proceedings pending disposition of their petition for permission to appeal pursuant to Federal Rule of Civil

---

[1] By same order, the Court certified for class treatment Plaintiffs' claims against Serenity Transportation, except to the extent that the trier of fact finds that Plaintiffs' on-call time is not compensable; in that case, Plaintiffs' overtime, minimum wage claims, and meal and rest break claims must be tried individually. (Dkt. No. 276 at 27.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Procedure 23(f). (Dkt. No. 284.) After carefully reviewing the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L. R. 7-1(b), and DENIES Plaintiffs' motion for reconsideration and GRANTS Plaintiffs' motion to stay.

**BACKGROUND**

The factual background and procedural history of this case are detailed in the Court's August 2018 Order. (Dkt. No. 276 at 1-9.) As relevant here, Plaintiffs insist that the SCI Defendants are liable as client employers under Section 2810.3 for Plaintiffs' minimum wage, overtime, and meal and rest break claims. Plaintiffs' motion for class certification sought to certify the following subclass as to the SCI Defendants: "all persons from the class who were made available to SCI/SCI-Cal between January 1, 2015 through class certification." (Dkt. No. 225 at 2:11-15.) The Court denied class certification as to Plaintiffs' claims against the SCI Defendants after determining that common questions did not predominate as to the SCI subclass; specifically, the Court held that:

> the SCI Defendants may be held liable for wages owed for work performed on their premises or worksite, but not for time the drivers spent waiting for Serenity's dispatch to send them to any Serenity client[;] it follows that common questions do not predominate as to the overtime, minimum wage and meal and rest break claims against the SCI Defendants. While an individual driver may be able to prove that the driver is owed overtime or minimum wages based on time spent on SCI removals, such an inquiry will be highly individualized. The same for whether the driver was owed a meal or rest break while performing SCI removals.

(Dkt. No. 276 at 32.) On August 15, 2018, Plaintiff filed a petition with the Ninth Circuit seeking review of the Court's order pursuant to Rule 23(f). (*See* Dkt. No. 282, Ex. A at 6-31.) Plaintiff then filed with this Court a motion for leave to file motion for reconsideration, (Dkt. No. 282), which the Court granted in part as to the claims under Section 2810.3 against the SCI Defendants, (Dkt. No. 287).

**DISCUSSION**

**I. Motion for Reconsideration**

District courts in the Ninth Circuit "routinely appl[y] the ordinary standards for reconsideration" under Federal Rule of Civil Procedure 59(e) when "faced with motions to

2

reconsider orders denying class certification." *English v. Apple Inc.*, No. 14-cv-01619-WHO, 2016 WL 1108929, at *5 (N.D. Cal. Mar. 22, 2016) (collecting cases). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Because reconsideration constitutes an "extraordinary remedy," it must "be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted). Thus, "a motion for reconsideration may not be used to raise evidence or argument for the first time that could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Court's order denying class certification as to the SCI subclass determined that Plaintiffs proposed class, which includes "all persons from the class who were made available to SCI/SCI Cal between January 1, 2015 through the class certification," (Dkt. No. 225 at 2:11-16), did not meet the commonality and predominance requirements under Federal Rule of Civil Procedure 23(a)(2), (b). The Court concluded, as a matter of law (and a matter of first impression), that the plain language and legislative history of Section 2810.3 did not extend liability to client employers for work not actually "performed within or upon the premises or worksite of the client employer." (*See* Dkt. No. 276 at 29-32.)

Plaintiffs argue that reconsideration is warranted because the Court committed clear error at the class certification stage by "reaching and deciding the ultimate merits question: whether Section 2810.3 applies to a client employer sued for wage claims arising from otherwise compensable on-call time." (Dkt. No. 289 at 6.) Further, Plaintiffs insist that the Court's interpretation of Section 2810.3 is contrary to the plain language of the statute and "undermines its remedial purpose." The Court disagrees on both scores.

### A. The Court Did Not Improperly Reach the Merits

Courts must engage in a "rigorous analysis" of the factors under Federal Rule of Civil

3

Procedure 23 when considering a plaintiff's motion for class certification. *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350-51 (2011) (noting that "Rule 23 does not set forth a mere pleading standard," and instead, a party "must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."). Such rigorous analysis "[f]requently . . . entail[s] some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351 ("The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.") (internal quotation marks and citation omitted). With regard to commonality under Rule 23(a)(2):

> [w]hat matters to class certification . . . is not the raising of common "questions"—even in droves—but rather, the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* at 350.

Here, proof of commonality and the predominance of common questions overlaps with Plaintiffs' contention that SCI-Cal was liable for on-call time as a "client employer" under Section 2810.3. If the plain terms of the statute extend liability to client employers only for work performed for the client employer, then "there are common questions of law or fact," Fed. R. Civ. P. 23(a)(2), only to those persons who actually performed removals for SCI-Cal. Plaintiffs' proposed subclass exceeds that scope, however, and includes "all persons from the class who were *made available* to SCI/SCI Cal between January 1, 2015 through the class certification." (*See* Dkt. No. 225 at 2:11-16) (emphasis added), whether or not they performed actual work for SCI-Cal. Because of the dissimilarities within the proposed subclass (i.e., those made available to SCI-Cal who performed removals for SCI-Cal at any given time, and those made available to SCI-Cal who did not), the ultimate answer as to whether a client employer is liable under Section 2810.3 for on-call time affects only a subset of the subclass—those who performed work for SCI-Cal. In other words, resolution on the merits will not result in a "common answer" for members of the proposed SCI subclass because SCI-Cal was not liable as a client employer to all members of the subclass.

Plaintiffs argue that the Court erred in analyzing Section 2810.3 because "[a]t this stage, the Court need only decide whether Plaintiffs' theory of liability, *whatever it may be*, is

4

susceptible to common proof."[3] (Dkt. No. 289 at 6.) However, Plaintiffs' theory of liability must at least provide a viable basis for certifying the proposed SCI subclass. Here, liability for client employers under Section 2810.3 extends only to work performed for that client employer; thus, the proposed SCI subclass is overbroad.

### B. Interpretation of Section 2810.3

The Court incorporates by reference the analysis and conclusions set forth in its order denying class certification of the SCI subclass, (Dkt. No. 276 at 29-32), and will not repeat the same statutory interpretation here. As the Court previously explained, SCI-Cal acted as a "client employer" (i.e., end user) for purposes of liability under Section 2810.3 only for the time Serenity drivers spent *performing* SCI removals. This conclusion is supported by the plain terms[4] and legislative history of the statute. As with Serenity's other 75 to 80 "regular" clients between 2015 and 2016 to whom Serenity made its drivers available, (Dkt. No. 233-1 at ¶ 2), SCI-Cal was not a client employer during the time drivers spent waiting on-call to be sent to *any* client because drivers were not performing work on SCI-Cal's premises or worksite during that time (i.e., performing an SCI removal); instead, SCI-Cal became liable as a client employer under Section 2810.3 only when Serenity drivers performed actual work for SCI-Cal.

Plaintiffs argue that the Court's construction limits liability under Section 2810.3 "to the time a worker is physically present on the client employer's premises or worksites but not when the worker is on the road or working remotely." (Dkt. No. 289 at 8-9.) The Court's construction does no such thing. It instead recognizes that a client employer's liability under Section 2810.3 extends only to that time an employee is performing work or is otherwise engaged to perform

---

[3] Plaintiff further argues that "[t]here is no dispute that Plaintiffs' liability theory based on on-call time is susceptible to common proof," based on the Court's holding that "if the on-call time is compensable, common questions predominate" as to the Serenity Defendants. (Dkt. No. 289 at 6) (quoting Dkt. No. 276 at 20.) But whether a theory of liability is susceptible to common proof as to one defendant does not make that theory susceptible to common proof as to *all* defendants. Further, the Serenity Defendants liability has nothing to do with Labor Code section 2810.3.
[4] Section 2810.3 defines "client employer" as "a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Cal. Lab. Code § 2810.3(a)(1)(A). The statute defines "usual course of business" as "the regular and customary work of a business, performed within or upon the premises or worksite of the client employer." Cal. Lab. Code § 2810.3(a)(6).

5

work for *that* client employer. It does not extend to time an employee spends waiting to be engaged to perform work for *any* client employer. The cases cited by Plaintiffs do not counsel a different conclusion. *See, e.g., Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 935 (9th Cir. 2004) ("[F]acts may show that the employee was 'engaged to wait,' which is compensable, or they may show that the employee 'waited to be engaged,' which is not compensable [under the Fair Labor Standards Act].") (quoting *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.3d 347, 350 (9th Cir. 1992); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 582-84 (2000) (holding that compulsory travel by employer's bus to and from worksite is compensable as "hours worked" because employees are under employer's control); *Noe v. Superior Court*, 237 Cal. App. 4th 316, 333 (Ct. App. 2015) (recognizing that Section 2810.3 imposes joint liability on "any business entity that *obtains* workers from a labor contractor . . . for paying the wages of any workers supplied by the labor contractor.") (emphasis added).

## II. Motion to Stay

Plaintiffs move for a stay pending disposition of their Rule 23(f) petition for permission to appeal the Court's order denying class certification as to the SCI Defendants.[5] The Serenity Defendants do not oppose Plaintiffs' motion to stay. The SCI Defendants argue that "[g]ranting a stay would seriously disrupt the evolution of this case in this Court." (Dkt. No. 292.) The SCI Defendants further argue that Plaintiffs fail to meet the standard for a stay pending an interlocutory appeal. The Court disagrees.

Here, Plaintiffs' petition raises serious legal questions regarding the proper interpretation of Section 2810.3, and the Court recognizes that this is a matter of first impression. Further, the SCI Defendants do not argue that they will be prejudiced by a stay. Plaintiffs filed their Rule 23(f) petition on August 15, 2018, and the Court anticipates that Ninth Circuit will dispose of the petition soon. Simply put, a brief stay pending disposition of the petition will not unduly delay

---

[5] Plaintiffs "seek to stay all proceedings in the district court while the Ninth Circuit determines whether to accept their appeal, and, if accepted, during the pendency of the appeal." (Dkt. No. 284 at 3.) The Court grants Plaintiffs' motion to stay, but only pending disposition of their Rule 23(f) petition. Plaintiffs are free to file another motion to stay if the Ninth Circuit grants Plaintiffs' petition.

6

these proceedings or harm the SCI Defendants.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs' motion for reconsideration because the Court's order denying certification of the proposed SCI subclass was neither clearly erroneous nor manifestly unjust. The proposed SCI subclass does not meet the commonality requirement under Rule 23(a)(2) or the predominance requirement under Rule 23(b) because Section 2810.3 extends liability to client employers only for work performed, and determining whether "persons from the class who were made available to SCI/SCI Cal between January 1, 2015 through the class certification" performed actual work for SCI-Cal is a highly individualized inquiry.

The Court GRANTS Plaintiffs' motion to stay proceedings pending disposition of their petition for permission to appeal the Court's order denying class certification pursuant to Rule 23(f). In light of this order, the Court CONTINUES the October 17, 2018 hearing on Defendants' motion to decertify the Fair Labor Standards Act collective action, (Dkt. No. 288), to December 20, 2018 at 9:00 a.m., under the assumption that the Ninth Circuit will have ruled by that date. Further, the Court CONTINUES the case management conference scheduled for October 17, 2018 regarding the briefing schedule for the parties' motions for summary judgment, (Dkt. Nos. 256, 259, 260, 262), to December 20, 2018, as well.

This Order disposes of Docket Nos. 284 & 289.

**IT IS SO ORDERED.**

Dated: October 12, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge