UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SERENITY TRANSPORTATION, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02004-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Re: Dkt. No. 313 |

　　　Before the Court is an unopposed motion for leave to withdraw as counsel. (Dkt. No. 313.) Schauman & Hubins, P.C., Defendants' counsel of record, contends withdrawal is appropriate because Defendants have not paid Schauman & Hubins for its past legal services in connection with this case, and are therefore in breach of the parties' contract regarding payment of attorneys' fees. Schauman & Hubins has given notice to Defendants and all other parties appearing in this action regarding this motion as required by Civil Local Rule 11-5(a). (Dkt. No. 313-1 ¶¶ 9, 12-13.) After careful consideration, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the September 24, 2020 hearing.

**I.　　Legal Standard**

　　　The standards of professional conduct required of members of the State Bar of California govern the withdrawal of counsel. N.D. Cal. Civ. L.R. 11-4(a)(1). California Rule of Professional Conduct 1.16(b)(5) permits counsel to withdraw from representing a client when the client breaches a material term of an agreement relating to the representation "and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement[.]" Before withdrawal is permissible, counsel must comply with California Rule of Professional Conduct 1.16(d), providing that counsel shall not withdraw "until the lawyer

1  has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client,
2  such as giving the client sufficient notice to permit the client to retain other counsel[.]" Counsel
3  must also comply with Rule 1.16(e), further requiring that upon termination counsel "shall release
4  to the client, at the request of the client, all client materials and property."  "Courts consider
5  several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks
6  to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm
7  that withdrawal might cause to the administration of justice; and (4) the extent to which
8  withdrawal will delay resolution of the case." *Heifetz v. Nilkanth*, No. 18-CV-04623-TSH, 2019
9  WL 3457793, at *1 (N.D. Cal. July 31, 2019) (internal quotations and citation omitted).

## II. Discussion

The Court finds good cause exists for counsel's withdrawal.  Defendants have had over one year to cure their breach and pay counsel's outstanding legal fees but have not.  "Failure to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw." *Heifetz*, 2019 WL 3457793, at *2 (citation omitted).  As for potential prejudice to other litigants, Schauman & Hubins provided notice to all parties appearing and Defendants of the intention to file this motion—in fact, Defendants have been notified several times since June 2019 that counsel would file a motion to withdraw unless the outstanding fees were paid.  (Dkt. No. 313-1 ¶ 3.) There are no upcoming deadlines in this action other than a case management hearing.  Counsel has made Defendants' file available for pick-up, and even scheduled a time for Defendant David Friedel to collect it.  (Dkt. No. 313-1 ¶ 6.)  Therefore, the Court finds that withdrawal will neither impede the administration of justice nor delay resolution of this case, and that counsel has complied with all relevant California Rules of Professional Conduct.

Civil Local Rule 11-5(b) states that when withdrawal by an attorney from an action is "not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Further, it "is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc*., 366 F.3d

1  972, 973–74 (9th Cir. 2004) (citations omitted).  Because the motion was not accompanied by the simultaneous appearance of substitute counsel for either defendant or Defendant Friedel's agreement to appear pro se, Schauman & Hubins shall continue to be served for forwarding purposes unless and until Defendant Serenity appears by other counsel and Defendant Friedel appears by other counsel or pro se. When Civil Local Rule 11-5(b)'s "condition is imposed, counsel must notify the party of this condition." N.D. Cal. Civ. L.R. 11-5(b).  Therefore, counsel must additionally notify Defendants that papers will continue to be served on counsel for forwarding purposes.  "Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition." *Id.*

Accordingly, the motion to withdraw as counsel is GRANTED subject to the conditions imposed by Civil Local Rule 11-5(b).

**IT IS SO ORDERED.**

Dated: September 11, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge