UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHNSON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SERENITY TRANSPORTATION, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-02004-JSC<br><br>**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 346 |

On July 21, 2021, the Court granted preliminary approval of this class action settlement.[1] (Dkt. No. 342.)[2] Class counsel subsequently mailed notice to 99 class members, none of whom has objected to or sought an exclusion from the proposed settlement. (Dkt. No. 346-1 ¶¶ 2–4.) Now before the Court is Plaintiffs' unopposed motion for final approval of the settlement. (Dkt. No. 346.) After careful consideration of Plaintiffs' submissions, and because no class member has objected to the settlement, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the January 13, 2022 hearing, and GRANTS the motion.

**BACKGROUND**

The relevant procedural history and the terms of the proposed settlement are set forth in the Court's order granting preliminary approval. (Dkt. No. 342 at 1–4.) Class counsel mailed notice to the 99 class members on August 23, 2021. (Dkt. No. 346-1 ¶ 2.) 35 were returned as undeliverable with no forwarding address. (*Id.* ¶ 3.) Class counsel did not receive any exclusion

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 9, 14, 15.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

requests or objections to the proposed settlement. (*Id.* ¶ 4.)

Upon final approval, the $10,000 settlement sum currently held in trust shall be distributed as follows: $250 service awards to Plaintiffs Gary Johnson and Curtis Johnson; reimbursement for cost of mailing notice and settlement checks, to class counsel; and the remainder distributed to the class pro rata based on weeks worked. (Dkt. No. 346 at 6; *see* Dkt. No. 342 at 3–4.) Settlement checks will be sent to the 64 class members for whom notice was not returned as undeliverable. (Dkt. No. 346 at 6.) Checks for the 35 class members for whom notice was returned as undeliverable will be transmitted to the State of California Unclaimed Property Fund. (*Id.*)

Upon final approval, all class members (as none have opted out) release all wage and hour claims brought in the lawsuit against Serenity Transportation, Inc. and its owner David Friedel. The released claims include "claims for independent contractor misclassification, unpaid overtime, unreimbursed business expenses, and associated statutory penalties . . . includ[ing] claims under the California Labor Code, California Wage Orders, and the federal Fair Labor Standards Act ('FLSA')." (Dkt. No. 340 at 6.) For class members who "have not previously joined the FLSA collective action," FLSA claims will "only be released upon that class member's endorsement of his or her settlement check, with the class member's signature on that check constituting a consent to join the FLSA claims and agreement to accept the terms of the settlement." (*Id.*)

## DISCUSSION

At the second stage, "after notice is given to putative class members, the Court entertains any of their objections to (1) the treatment of the litigation as a class action and/or (2) the terms of the settlement." *Ontiveros v. Zamora*, 303 F.R.D. 356, 363 (E.D. Cal. Oct. 8, 2014) (citing *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)). The Court must reach a final determination as to whether the settlement is fair, adequate, and reasonable to all concerned, which begins by assessing the following factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

2

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (cleaned up).

No matter whether a settlement agreement has been negotiated before a class has been certified or, as here, after, the court must also undertake an additional search for more "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021) (applying *Bluetooth* red-flag factors to post-class certification settlement approvals). The *Bluetooth* court identified three such signs:

> (1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded;
>
> (2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class; and
>
> (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund.

*Id.* (cleaned up). However, none of the three *Bluetooth* red-flag factors are implicated here. Class counsel receives no payment under the settlement, and there is no issue of reverter because funds for unreachable class members will be transmitted to the State of California Unclaimed Property Fund. Accordingly, the Court need address only the fairness factors.

Defendants' insolvency, as substantiated in arm's length settlement negotiations with Magistrate Judge Spero, is dispositive of factors (1), (2), (3), (4), and (5). (*See* Dkt. No. 342 at 6.) The class has nothing to gain from continued litigation, and (6) the experience and views of counsel indicate that the settlement sum, though tiny, is adequate under the constrained circumstances. There is (7) no governmental participant, and (8) no class members have objected to or opted out of the settlement. *See Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *14 (N.D. Cal. Apr. 22, 2010) ("Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members." (cleaned up)).

Because all relevant factors weigh in favor of granting Plaintiffs' motion for final approval

3

of class action settlement, the Court finds the settlement is fair, adequate, and reasonable to all concerned.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion for final approval of the parties' class action settlement. In addition, the Court GRANTS $250 service awards to Plaintiffs Gary Johnson and Curtis Johnson.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: January 10, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge